WILLIAM P. C. WHITING *et al.*, Appellants, *v.* JAMES E. FULLER *et al.*, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

An affidavit of merits to a plea is part of the plea, and is preserved in the record without a bill of exceptions. This is the case also, where a plea is stricken from the files.

Persons sued jointly, who plead the general issue, may sustain it by an affidavit of merits, made by one of the defendants. If separate pleas are filed, each plea must be sustained by an affidavit of merits.

ON the 28th of May, 1858, suit was commenced and summons issued, returnable to the next June term, which was duly served and returned.

On the same day, plaintiffs below filed their declaration in the cause containing special counts on two notes, one dated November 23, 1857, due in sixty days, made by Whiting & Co., and payable to the order of Fuller & Myers, for $461.20, and the other for $64.05, made by Whiting & Co., dated April 1st, 1858, due at date, and payable to Fuller & Myers, or order, and containing also the common counts.

On the 7th day of June, 1858, which was the first day of the June term of said court, the defendants filed in said cause their plea of the general issue, with notice of set-off.

And on the same day, together with the plea, Whiting filed his affidavit as follows:

" William P. C. Whiting, being duly sworn, deposes and says that he is one of the defendants in the above entitled cause, that he knows for what said suit is brought, that he believes he has a good defense to said suit upon the merits thereof, and further this deponent saith not. W. P. C. WHITING."

On the 10th day of the same June term, on motion of the plaintiffs, an order was entered by the court that the plea of the defendants filed in the cause be stricken from the files for the want of a sufficient affidavit of merits, and that default be entered for want of plea, which was accordingly done.

And thereupon judgment was entered in favor of the plaintiffs and against the defendants for their damages, $516.87, and costs; from which judgment they prosecute this writ of error, and now here assign for error this ruling of the court.

O. HAWKINS, and WALKER, VAN ARMAN & DEXTER, for Appellant.

SHUMWAY, WAITE & TOWNE, for Appellee.

BREESE, J. The affidavit in this case was a part of the plea, and the plea is a part of the record and requires no bill of exceptions to bring it before this court. If a plea be stricken from the file, it still remains a part of the record for the purpose of presenting the question ·of the propriety of the action of the court in striking it from the file.

The plea was the general issue, filed by both defendants, who were sued as partners. The affidavit of merits is by one only of the defendants, and the court below, holding it was not sufficient, struck the plea from the file and rendered judgment for the plaintiffs.

The question presented is, was the affidavit sufficient?

In conformity with the decision in the case of *Hurd* v. *Burr et al.* and *Davis* v. *Chickering, ante,* p. 29, we must hold the affidavit was sufficient. Persons sued jointly or as partners, may plead jointly or separately as their defenses may warrant. A defense which one may have, may not attach to his co-defendant, and each defendant must make the affidavit of merits for himself. One of them may have no defense.

Here the general issue was filed. A defense personal to one of the defendants could not be allowed under that plea, and any other defense under that issue, which was good for one of the defendants, would be equally availing for both defendants, hence there was no necessity that both defendants should have joined in the affidavit.

Under the general issue, one defendant might show that the notes on which suit was brought, were given by his partner to pay his own individual debt and so known to the plaintiffs, and therefore not binding on him. This he could not plead specially. Under the general issue, the affidavit was sufficient.

The judgment of the court below is reversed and the cause remanded, with instructions to restore the plea to the file.

*Judgment reversed.*