# TYRER *v.* CHEW.

BONDS; MUTUAL OR DEPENDENT COVENANTS, WHEN CONDITIONS
PRECEDENT; PRACTICE; AFFIDAVIT OF DEFENCE BY
ONE OF SEVERAL DEFENDANTS.

1. In a suit on a bond conditioned upon the performance of a contract, the two instruments must be read together, as they relate to and form one and the same transaction.
2. If there is a condition annexed to a writing obligatory for the benefit of the obligor and the obligee is by the terms of it to do the first act, he must do or concur in doing the first act before he can demand the penalty.
3. Where several defendants have the same defence and plead jointly, an affidavit of defence made by one will inure to the benefit of and be regarded as sufficient for all.

No. 492.   Submitted October 17, 1895.   Decided November 4, 1895.

HEARING on an appeal by the defendants from a judgment under the seventy-third rule in an action upon a bond. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Samuel F. Phillips* and *Mr. F. D. McKenney* for the appellants :

1. The bond in suit was without binding force because of the plaintiff's failure to perform or secure the peformance of an antecedent condition specified in the collateral writing.

The words " in consideration of," in the second clause of the contract of May 26, 1892, served to create a condition precedent.   1 Chitty, 332.   The consideration and the

promise of the defendant are two distinct things, and in order that plaintiff may entitle himself to judgment he must aver and prove performance of the consideration on his own part. *Glover* v. *Tuck*, 24 Wend. 153 ; *Russell* v. *Slade*, 12 Conn. 455 ; *Lent* v. *Padelford*, 10 Mass. 230. Until the stipulated decree was passed and Tyrer had thereby acquired a clear title to the land involved in said equity cause No. 174, he was not bound to proceed with the building of the railroad.

No matter how improbable may be the condition precedent, it must be performed before any obligation is imposed upon the other party to the contract, and this is so even when one undertakes to act for a stranger. *Worsley* v. *Wood*, 67 R. 719, 722.

Where a specified thing is to be done by one party as the consideration of the thing to be done by the other, the covenants are mutual and dependent, if they are to be performed at the same time, and if by the terms or nature of the contract one is first to be performed as the condition of the obligation of the other, that which is first to be performed must be done or tendered before that party can sustain a suit agaist the other. *Construction Co.* v. *Seymour*, 91 U. S. 645.

If the entering of the stipulated decree was a condition precedent to the existence of any obligation on the part of Tyrer under the contract of May 26, 1892, then the failure to enter such decree would be a bar to any action upon the contract itself, and consequently would operate to defeat a suit brought on the bond of the same date, which specifically and by reference was conditioned solely for the performance by the said Tyrer of his obligation under said contract. Performance of such condition precedent was alleged in the declaration and in plaintiff's affidavit. It was specifically denied in the plea and in the affidavit of defence. Thus was presented an issue not within the province of the court and clearly to be decided only by a jury. *Turner* v. *Ogden*, 1 Black, 450.

2. Where several defendants have the same defence the affidavit of defence may be made by one of them and will be held sufficient for all.  *Woodrow* v. *Backus*, 20 Cal. 157; *Rowland* v. *Coyne*, 55 Cal. 1; *People* v. *Larne*, 66 Cal. 235; *Watkins* v. *Dequener*, 63 Cal. 500; *Hurd* v. *Burr*, 22 Ills. 29; *Smith* v. *Bateman*, 79 Ills. 531; *Bank* v. *Baxter*, 6 Cowen (N. Y.) 395.

*Mr. Samuel Maddox* for the appellee :

1. The judgment against Walbridge must be affirmed, because he filed no affidavit of defence, although the affidavit of the appellee is a sufficient *prima facie* showing to entitle him to judgment under the rule.

2. The action, which is in debt on a sealed instrument, is not for failure to perform the obligations of the contract, but for breach of the condition of the bond.  The contract is material only to determine under what circumstances a breach of the condition of the bond is to arise.  Failure to pass the decree mentioned in paragraph first of the contract has nothing to do with the alleged breach of the condition of the bond. It is not a condition precedent to action on the bond.

The plaintiffs in the suit in Calvert County did not agree to procure a decree dismissing that suit.  They simply agreed that such a decree should be passed.  On presentation of the contract to the Calvert County court, Tyrer could readily have procured such a decree.  Further than this, the affidavit of appellees shows that Tyrer had conveyed away the land before this action was brought, a fact Tyrer does not deny.  His affidavit does not claim that any loss had or could accrue to him because of the failure to have a decree passed dismissing the suit in Calvert County.  So far as he is concerned, therefore, an end has been put to that litigation, which was the object of the agreement that a decree should be passed dismissing the suit.  This is all Tyrer is entitled to ask.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an action upon a bond, with a condition to per-
form covenants contained in a separate deed or contract.
There are two defendants, Theodore W. Tyrer and Heman
D. Walbridge, and they jointly pleaded two pleas in bar of
the action.   These were, first, general performance of all
covenants or stipulations on the part of the defendant; and,
second, non-performance of a covenant on the part of the
plaintiff, constituting a condition precedent to the right of
the plaintiff to maintain this action.   Affidavits of claim
and defence were filed under rule 73 of the court below;
and the court having adjudged the affidavit of defence in-
sufficient, thereupon rendered judgment for the plaintiff,
Thomas J. Chew, for the full amount mentioned in the
bond; and it is from that judgment that this appeal is taken
by the defendants.   The only question, therefore, on this
appeal, is, whether the court below was justified in holding
the affidavit insufficient, and rendering judgment for the
plaintiff under the rules.

It appears that the defendant Tyler contemplated the
construction of a railroad from some point near Washing-
ton City to a point on the Chesapeake Bay, known as Fish-
ing Creek, in Calvert County, Maryland; and for purposes of
such enterprise had obtained deeds for 125 acres of land at
Fishing Creek, from Mrs. Rosa P. Suit, executrix and trus-
tee under the will of S. Taylor Suit, deceased, and John
H. Rice, trustee; but the title to the land so conveyed was
in dispute, and was involved in a pending litigation on the
equity side of the circuit court for Calvert County.   In this
state of affairs, the parties concerned in the litigation,
namely, the present plaintiff, Thomas J. Chew, and J. Blake
Chew and Samuel Chew, for themselves and for the other
plaintiffs in the pending litigation, on the 26th of May, 1892,
entered into a contract, under seal, in relation to the land
in controversy, and which contract contains the following
principal clauses, the other clauses thereof not being mate-
rial to the questions here involved:

" This contract, made this 26th day of May, 1892, by Thomas J. Chew, J. Blake Chew and Samuel Chew, for themselves and for the other plaintiffs in a cause pending in the circuit court for Calvert County as a court of equity, No. 174, by Rosa P. Suit, executrix and trustee under the will of S. Taylor Suit, late of Prince George's County, deceased, and John H. Rice, trustee, both defendants in said cause, and by Theodore W. Tyrer, the grantee in the deeds executed to him, one by the said Rosa P. Suit and the other by said John H. Rice, both executed on the 7th day of April, 1892, duly acknowledged and now recorded in the clerk's office of said Calvert County, and State aforesaid, witnesseth :

" *First.* That in order *to put an end to the litigation* involving title to the one hundred and twenty-five (125) acres of land mentioned in said equity cause No. 174, it is agreed by the undersigned that *a decree shall be passed* by the circuit court for Calvert County as a court of equity, in said case, in favor of the defendants, each party to pay one-half of the costs, by which decree the grantee in said deeds *shall acquire a clear title to said land in dispute.*

" *Second.* *In consideration of the first clause preceding,* the said Theodore W. Tyrer agrees to construct a railroad from some point on the Baltimore and Potomac Railroad between Landover station and Bennings, or on the Baltimore and Ohio Railroad at or near Reeves station, *via* Upper Marlboro to Fishing Creek, in Calvert County, on the Chesapeake Bay, within two years after the execution of this contract, and as an earnest of good faith in building the same the said Tyrer further agrees to execute a good and sufficient bond for $3,000.00 *as indemnity or security,* to the said Thomas J. Chew, for and on behalf of the other plaintiffs in said cause, acceptable in all respects to the said Thomas J. Chew.

" *Third.* It is further agreed that in case said railroad is not built within the time named in the preceding clause, that the said Tyrer shall reconvey said land free of any in-

cumbrance and taxes all paid to date to the plaintiffs in said case No. 174, upon the payment to him of ten dollars per acre, and upon failure to do so, that said bond referred to in said clause shall remain in full force and effect in law."

This contract, with some other provisions in it not material here, was signed by Thomas J. Chew, J. Blake Chew, Samuel Chew, Jane B. Chew, T. W. Tyrer and Rosa P. Suit—all except the defendant Tyrer being parties to the pending litigation in regard to the land.

The bond referred to in the contract, executed as indemnity or security to the plaintiff, is as follows:

"Know all men by these presents that we, Theodore W. Tyrer, Rosa P. Suit, and Heman D. Walbridge, of Washington City, District of Columbia, are held and firmly bound unto Thomas J. Chew, of the State of Virginia, in the sum of three thousand dollars. Sealed with our seals and dated this 26th day of May, 1892.

"Whereas, by a contract executed by the said Thomas J. Chew, J. Blake Chew, Samuel Chew, Rosa P. Suit, John H. Rice, and the said Theodore W. Tyrer, dated on the 26th day of May, 1892, a copy of which, in duplicate, is held by the said Thomas J. Chew and the said Theodore W. Tyrer, and by which, among other covenants therein stated, the said Theodore W. Tyrer obligated himself to construct a railroad from some point on the Baltimore and Potomac Railroad or on the Baltimore and Ohio Railroad, to Fishing Creek, on Chesapeake Bay, in Calvert County, Md., or pay to the said Thomas J. Chew the sum of three thousand dollars ($3,000) in default of not reconveying the real estate in Calvert County, near Fishing Creek, lately conveyed to said Theodore W. Tyrer by a certain Rosa P. Suit and John H. Rice; said railroad to be constructed within two years from the execution of said contract:

"Now, the condition of this bond is such that if said contract is performed as therein specified by the said Theodore W. Tyrer, this bond shall be null and void; otherwise it is to remain in full force and virtue. Witness our hands and seals;" and signed by the defendants and Rosa P. Suit.

As will be observed, the recitals in the bond do not, with accuracy, pursue the terms of the contract; and the bond is, in many respects, very inartificially drawn. But the bond and the contract must be read together, the two instruments relating to and forming one and the same transaction.

The railroad has never been built, though the time limited for its construction has long since past; nor has the land been reconveyed, though it is alleged that the ten dollars per acre have been tendered to and refused by the defendant, Tyrer. These defaults are assigned in the declaration as breaches of the bond; wherefore it is alleged that the sum of three thousand dollars therein mentioned became due to and demandable by the plaintiff.

It is alleged in the second count of the declaration, and also stated in the affidavit of the plaintiff, that a decree in the equity suit had been entered as required by the contract. But this fact is expressly denied by the defendant, Tyrer, both by plea and affidavit of defence. If, therefore, the fact of the existence of such decree as that contemplated by the contract be material to the right of the plaintiff to recover, it would clearly be incumbent upon the plaintiff not only to allege, but to establish such fact by competent proof.

Is, then, the fact of the existence of such decree material to the plaintiff's right to recover? Or, in other words, is the existence of such decree a condition precedent to the right of the plaintiff to maintain this action on the bond? That the bond would never have been given but for the stipulation to have such decree entered, and the title to the land rendered secure to the defendant, Tyrer, is clear beyond doubt, from the terms of the contract. That was the leading and principal object of the contract and the giving of the bond. It was to get rid of the pending litigation, and to clear the title to the land of all dispute. If, then, the party did not get what was the consideration of the contract and the making of the bond, it would seem clear, he ought not to be held liable on the bond. It is expressly stated in the second clause of the contract, that it was *in consideration of*

*the agreement contained in the preceding clause of the contract,*
wherein the plaintiff, for himself and others, stipulated to
have the decree entered and the title to the land secured to
the defendant, that the defendant, Tyrer, agreed to build
the railroad, or, in default thereof, to reconvey the lands for
ten dollars per acre, and as an indemnity or security for so
doing, agreed to execute the bond.    The plaintiff here was
or is one of the plaintiffs in the equity suit, and he had, or
assumed to have, control of that suit, with power to have
the decree entered.

It is alleged that the defendant, Tyrer, has transferred his
claim in the land to a railroad company ; but whether that be
so or not is quite immaterial to the question of the right of the
plaintiff to maintain this action.    If the land has been trans-
ferred by Tyrer, it was only the right therein that he had
acquired by the deeds from Suit and Rice, and such transfer
was, of course, subject to the adverse claims asserted in the
equity suit ; and it is not shown what was the relation of
the defendant, Tyrer, to the railroad company to which the
transfer was made.    If the land was sold, we must suppose
that it was sold subject to the cloud of an adverse claim,
and for a correspondingly reduced price.    Upon all the
facts disclosed upon the record, we think it clear that the
entry of the decree in the equity suit was a condition pre-
cedent to the right to maintain this action.

The law upon this subject, and as applicable to this case,
is nowhere better stated than by Mr. Sergt. Williams, in
note 3, to the case of *Holdipp* v. *Otway*, 2 Saund. 108.
In that note, the learned editor, stating the substance of
the opinion of Chief Justice EYRE, in *French* v. *Campbell*, 2
H. Black. 178, says : " That every possible condition upon
which money is to become payable must be performed, or
must be dispensed with upon sufficient ground, before the
money is demandable in an action ; and in the declaration,
in which it is demanded, it must appear that the condition
has been performed, if not literally, at least substantially ;
or that, by reason of some default in the opposite party,

D. C.]                    Opinion of the Court.

the performance of the condition has been prevented, which dispenses with that performance. And if there is a condition *annexed to a writing obligatory for the benefit of the obligor, and the obligee is by the terms of it to do the first act,* he must do, or concur in doing the first act, before he can demand the penalty. If a stranger is to do the first act, the obligee is to procure that stranger to do it, it being for his benefit; but if the obligee himself is to do it, the obligee cannot demand the penalty till he has done it; it is with regard to him, in the nature of a condition precedent;" citing the authorities in support of the proposition.

The doctrine of mutual or dependent covenants, and when they constitute conditions precedent, is fully examined in the case of *Watchman & Bratt* v. *Crook,* 5 G. & J. 239, 258, 259, 260, and is briefly, but clearly, stated by the court in the case of *Phillips, &c., Const. Co.* v. *Seymour et al.,* 91 U. S. 646, 658.

Such being the principle applicable to the case, it is quite clear that the plaintiff, after the pleas and affidavit of the defendant, setting up and relying upon this condition precedent, was not entitled to judgment under rule 73. The defendant was entitled to trial in the regular course of proceeding.

It is urged on the part of the plaintiff, that as to Walbridge, one of the defendants, who did not join in the affidavit made by Tyrer, or make a separate affidavit of defence, the judgment under the rule must stand as to him. But to this we do not agree. The pleas are pleaded jointly, and Walbridge, being but surety in the bond, is entitled to any defence that can be made by his principal, Tyrer. It has been decided in many cases, that where several defendants have the same defence and plead jointly, an affidavit of defence made by one will inure to the benefit of and be regarded as sufficient for all. *The Bank* v. *Baxter,* 6 Cow. 395; *Rowland* v. *Coyne,* 55 Cal. 1; *Whiting* v. *Fuller,* 22 Ill. 33; *Brien* v. *Peterman,* 3 Head, 499.

The question, whether the amount mentioned in the

bond, and for which suit is brought, is to be regarded as liquidated damages, or as a penalty ; and the other question argued at bar, whether the bond was effectually delivered to the plaintiff so as to bind the defendants, or only placed in escrow by the defendant Tyrer, are questions that we are not called upon to decide on this appeal. They will arise in regular form and manner when the case comes on for trial in the court below.

It follows from what we have said that the judgment rendered under the rule must be reversed, and the cause be remanded for regular trial.

*Judgment reversed and cause remanded.*