DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1911.

Isaac N. Perry, Defendant in Error, v. John Krausz, Plaintiff in Error.

## Gen. No. 15,824.

1. MUNICIPAL COURT—*power to require affidavit of merits.* *Held,* that under the statute and the rules of the Municipal Court, the Municipal Court has power to require a defendant in an action to file an affidavit of merits and to enter judgment against the defendan. "as in case of default" unless the affidavit filed is sufficient.

2. MUNICIPAL COURT—*when affidavit of merits insufficient.* An affidavit of merits does not comply with the requirements of the statute in "specifying the nature of such defense" if it merely states conclusions of law. Such an affidavit must state in a direct and positive manner facts sufficient to disclose the elements of a substantial defense.

3. MUNICIPAL COURT—*what not pleadings.* An affidavit of claim upon the one hand, and an affidavit of merits upon the other, in a suit of the fourth class in the Municipal Court, is not a pleading in the sense of the word as used in section 282 of the Municipal Court Act.

4. MUNICIPAL COURT—*what does not waive default.* Service of a notice that the case will be called for trial, does not waive a default theretofore entered.

Error to the Municipal Court of Chicago; the HON. ROBERT M. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed November 14, 1911.

## (1)

JOHN W. BURDETTE, for plaintiff in error.

FELSENTHAL, FOREMAN & BECKWITH, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Isaac N. Perry, endorsee, brought a suit of the fourth class in the Municipal Court of Chicago, against John Krausz, as maker of a certain promissory note. He filed a statement of claim for moneys due and owing upon a certain note, dated March 16, 1908, for $500, due in one year, etc., with interest. Attached to the statement of claim was an affidavit of one Jacob Levin, stating that he was the agent of the plaintiff in the above entitled cause; that the suit was one for the payment of money, etc., and that there was due the sum of $534.50.

On June 9, 1909, the return day, the defendant, by one John W. Burdette, his attorney, filed his appearance and demanded a jury trial. Upon motion, defendant's time in which to file an affidavit of defense was extended five days. On June 14th, the defendant filed an alleged affidavit of defense to the whole of plaintiff's claim, which was subsequently, and on the 23rd of that month, upon motion of the plaintiff, stricken from the files as being insufficient, and the cause was postponed to June 24th. On the last mentioned day, judgment was entered against Krausz as by default, for want of an affidavit of merits.

On the 14th of July, 1909, plaintiff served upon attorney for defendant a notice, informing him that the case had been set for trial for July 15, 1909, on which day the parties appeared by their respective attorneys, and a jury was impaneled to assess damages. After some evidence had been presented by the plaintiff, a juror was withdrawn, and the cause continued. On July 20th, the cause was again called, and both parties

appeared by their attorneys; a jury was impaneled and sworn to assess plaintiff's damages. Oral testimony for the plaintiff was heard and the witnesses were cross-examined by the attorney for the defendant. Upon a peremptory instruction, the jury assessed plaintiff's damages at the sum of $540.33. Defendant's attorney, thereupon, moved for a new trial, which was overruled, following which, a motion in arrest of judgment was made and overruled.

The case is before us upon a writ of error. Plaintiff in error, Krausz, here claims that the court below erred in striking his affidavit of defense from the files, and entering judgment as by default, making the following contentions:

1.   That there is no power in the Municipal Court to require a defendant in a fourth class case on contract for the payment of money, to file an affidavit of merits or defense and render judgment for the plaintiff as by default on the failure of the defendant to file such affidavit.

2.   That an affidavit of merits or defense, where no written pleadings are required, is in substance and effect a pleading.

3.   That the plaintiff's affidavit of claim is insufficient.

4.   That defendant's affidavit of defense is sufficient and should not have been stricken from the files by the court.

5.   That defendant's affidavit of defense need not be filed by the defendant until the case is called for trial.

6.   That the plaintiff, in the trial court, waived the judgment as by default, rendered against the defendant.

Taking up these contentions *seriatim,* we consider (1st) whether or not the Municipal Court has power in fourth class cases on a contract for the payment of money, where the plaintiff has filed an affidavit of claim

with a statement, to require a defendant to file an affidavit of merits or defense.

The Practice Act of Illinois expressly provides that, in actions on contract for the payment of money, if the plaintiff files an affidavit, showing the nature of his demand and the amount due him from the defendant * * he shall be entitled to a judgment as in case of default, unless the defendant, or his agent or attorney, shall file with his plea an affidavit, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of plaintiff's demand, and *specifying the nature of this defense*. Hurd's Stats., 1908, ch. 110, sec. 55.

The Municipal Court Act of 1907, provides that the practice in that court shall be the same as nearly as may be, as that prescribed for similar suits or proceedings in the Circuit Courts, with the exception that in cases of the fourth and fifth class, the issues shall be determined without other forms of pleadings than those expressly provided for in the act. R. S. Ill., 1908, chap. 37, 282.

By sections 271, 283 and 303 of the same chapter, it is expressly provided that in cases of the fourth class, the Municipal Court may adopt such rules and regulations as it may deem necessary to enable the parties in advance of the trial to ascertain the nature of the plaintiff's claim or claims, and of defendant's defense or defenses.

Section 283, *supra*, provides that this court shall take judicial notice of the rules of practice in force from time to time in the Municipal Court. By rule No. 14, the Municipal Court provided that section 55, *supra*, should be held to apply to, and govern all civil proceedings in the Municipal Court, as nearly as may be.

Under these provisions, we are clear that the Municipal Court was authorized in this case to enter judgment against the defendant "as in case of default," un-

less the affidavit filed by the defendant was sufficient. The Practice Act requires that the affidavit for the defendant shall be to the effect that the affiant believes the defendant has a good defense, etc., ''specifying the nature of such defense.''

In the case at bar, the affidavit was by the defendant and was to the effect that he had a good defense to the whole of the claim, ''and that the nature of such defense is as follows: that the plaintiff has not and never had a cause of action against the defendant; that the plaintiff is not an innocent holder of the supposed note for value before maturity, and that the supposed note was obtained by the original holder from the defendant by fraud and circumvention, and a failure of the supposed consideration for the supposed note.''

We do not think that this affidavit complies with the requirements of the statute in ''specifying the nature of such defense.''

No formal written pleadings being required in this class of cases in the Municipal Court, it was thought wise to specifically give the court power to require each party to disclose in advance the character of his claim or defense. This was effected by the Legislature providing, in section 303, *supra,* that in cases of the fourth class, ''the Municipal Court may adopt such rules and regulations as it may deem necessary to enable the parties, in advance of the trial, to ascertain the nature of the plaintiff's claim or claims, and the defendant's defense or defenses.''

Rule 17 of the Municipal Court requires that in fourth class cases, for the recovery of money only, ''the defendant shall file an affidavit, sworn to by himself, his agent or attorney, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, whether by way of denial or by way of confession and avoidance, in such a manner as to reasonably

inform the plaintiff of the defense which will be interposed at the trial.* * * The affidavit of merits required to be filed under this rule shall * * * in fourth class cases be filed with the defendant's appearance. * * * If the defendant fails to file an affidavit of merits required under the provisions hereof, the plaintiff shall be entitled to judgment as in case of default."

It is clear that under these requirements the affidavit of the defendant was not sufficient. It failed entirely to disclose or specify the nature of such defense. "To specify means, to point out, to particularize, to designate by words one thing from another." Stewart v. Jacques, 77 Ga. 365 (368). "Specifying" the nature of the defense, means the pointing out with particularity the facts which constitute such defense. To do this evidently the affidavit must state in a direct and positive manner facts sufficient to disclose the elements of a substantial defense. The affidavit should be as to existing facts, so that if false the party making it could be convicted of perjury. The affidavit filed by Krausz is entirely lacking in definite allegations of facts upon which he could be convicted of perjury, and consists of conclusions.

The contention made in the court below by plaintiff in error was that the affidavit of defense filed by him was sufficient instead of being, as made here, that no affidavit was required.

We do not regard the affidavits of either side, in an action of this kind, as a "pleading" in the sense that word is used in section 282 of the Municipal Court Act, *supra*.

Plaintiff in error contends that the affidavit of claim filed by the plaintiff was insufficient upon the ground that it was not made by the plaintiff himself, and no excuse shown why it was not. We think this objection untenable, and regard the affidavit as sufficient.

What we have said before answers the fifth contention of plaintiff in error, that the affidavit of defense

need not be filed until the case is called for trial, which contention we cannot sustain.

Coming now to the claim that there was waiver of the default in serving notice upon plaintiff in error that the cause would be called for trial, etc., we do not think the contention has much merit. The wording of the notice was undoubtedly wrong in saying that the cause had been set "for trial," on the 15th of July, instead of being set for "assessment of damages," but this inadvertence did not operate in any way to his prejudice. The notice served its purpose in bringing him before the court at the time the case was actually disposed of, and was sufficient.

Applicable to this case under the law it is not the duty of this court to reverse the action of the Municipal Court, unless it is apparent from the record that substantial justice to the parties requires that this should be done.

In this case, it appears from the record that plaintiff in error was offered an opportunity by the judge to file an additional affidavit of defense. This he did not care to do, nor did he offer to interpose any defense before the jury. He seems to have cared more to defeat the claim of defendant in error by interposing technicalities than to controvert it with testimony.

The judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*