Nicholas J. Mann, Defendant in Error, *vs.* Henry Brown *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1914—Rehearing denied June 4, 1914.*

1. Appeals and errors—*rules of the municipal court should be preserved by bill of exceptions.* The Supreme Court cannot take judicial notice of the rules of the municipal court of Chicago, and they must be preserved in the bill of exceptions, the same as the rules of other inferior courts, if points depending thereon are desired to be raised.

2. Same—*motions and orders concerning striking pleas from the files must be preserved by the bill of exceptions.* Motions and orders with reference to striking pleas and affidavits from the files, and the exceptions thereto, must be preserved by a bill of exceptions and cannot be made a part of the record by the recitals of the clerk.

3. Same—*section 38 of the Municipal Court act does not obviate necessity of bill of exceptions.* Section 38 of the Municipal Court act, providing that no formal exception need be taken, in actions of the first class, to any erroneous ruling of the court against the objection of the party complaining, does not relieve the complaining party of the duty of preserving for review by bill of exceptions such matters as are not properly a part of the common law record nor of showing the rulings complained of were made against his objections.

4. Same—*when irregularity in entering judgment by default is not reversible error.* An irregularity in entering a judgment by default with an appearance on file, instead of entering a judgment

*nil dicit* or for want of a plea, is not reversible error, where no objection was made to such judgment and no request made for a jury to assess the damages after the default.

5. SAME—*when demand for jury trial does not refer to the assessment of damages after default.* A demand for "trial by jury," made by the defendants at the time of entering their appearance in an action of the first class in the municipal court of Chicago upon a *supersedeas* bond, has reference to the trial of the issues when made up, and not to an assessment of damages by a jury after a judgment by default, which the defendants did not anticipate when the demand was made.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding.

WILLIAM R. BRAND, for plaintiffs in error.

VINCENT D. WYMAN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error sued out of this court to review a judgment of the Appellate Court for the First District affirming a judgment of the municipal court in favor of defendant in error, in an action of the first class, for $2000. The suit was brought to recover upon a *supersedeas* bond upon which plaintiffs in error were sureties for Thomas Brown and Elizabeth Brown. The superior court of Cook county rendered a decree against Thomas and Elizabeth Brown, in which they were ordered to pay certain judgments which had been rendered against them in actions at law,—one in favor of defendant in error, Nicholas J. Mann, for $799.50 and costs, less $25 which was remitted, and one in favor of Jacob Huber for $2650 and costs, from which $25 was remitted; also certain sums of money found due by the decree from Thomas and Elizabeth Brown. The Browns appealed from the decree to the Appellate Court,

where the decree was affirmed, and they then sued out a writ of error from this court, which was made a *supersedeas* upon their giving bond in the sum of $2000, with plaintiffs in error as sureties. This court affirmed the judgment of the Appellate Court, and this action was brought upon the *supersedeas* bond. Service was had only upon plaintiffs in error, sureties upon said bond.

The statement of claim filed by defendant in error in the municipal court was sworn to, and alleged there was due and owing to defendant in error by virtue of a *supersedeas* bond, a true copy of which was attached to and filed with the claim, $2000. The statement alleged that the decree mentioned in the *supersedeas* bond was affirmed by the Supreme Court of Illinois on or about the 22d day of December, 1909. The statement of claim alleged that one of the judgments ordered paid by the decree of the superior court was rendered November 3, 1897, in favor of defendant in error, for the sum of $799.50, and costs amounting to $13.75, from which judgment $25 was remitted, and the other judgment ordered paid by said decree was rendered November 27, 1897, in favor of Jacob Huber for $2650, and costs amounting to $13.75, from which a *remittitur* of $25 had been entered; that the *supersedeas* bond was given upon suing out the writ of error from this court to reverse that decree. The statement of claim further alleges that after said bond was given Huber died testate; that his will was duly probated in Cook county and Wilhelmina Reichwald was appointed and qualified as executrix of said will; that on January 24, 1911, pursuant to leave of the probate court, the executrix assigned and transferred the judgment in favor of Jacob Huber to defendant in error. The statement further alleges that Thomas Brown is entitled to a credit of $1200 on said judgments by reason of a decree in a foreclosure proceeding; that there are no other credits on said judgments, and except as to the credit named they are in full force and effect, and that there is

now due and owing to defendant in error upon said judgments $2227, together with interest thereon at the rate of five per cent per annum from the date of their rendition, and that plaintiffs in error are indebted to defendant in error upon the *supersedeas* bond, by reason of the matters alleged in said statement of claim, in the sum of $2000.

After being duly served with summons plaintiffs in error, by their attorney, filed their appearance in writing and asked "for trial by jury." They filed an affidavit of merits setting up their defense, which, on motion of defendant in error, was stricken from the files. They subsequently, at different times, by leave of the court filed a second, third, fourth and fifth affidavit of merits, each of which was successively stricken from the files on motion of defendant in error. After the last of said defenses was stricken from the files, and no further defense or affidavit of merits being filed, a judgment by default was entered August 18, 1911, against plaintiffs in error for want of an affidavit of merits, and the damages were assessed by the court in the sum of $2000, and judgment was rendered against plaintiffs in error for that sum, together with costs. This judgment was affirmed by the Appellate Court for the First District and a certificate of importance granted, upon which the case is brought to this court for further review.

There is no bill of exceptions in the record. The validity of and the effect that should be given to the rules of the municipal court are discussed in the briefs of counsel, but they are not preserved by a bill of exceptions and we cannot take judicial notice of the same. *Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.

No complaint is made of the action of the court in striking from the files any of the affidavits of merits except the last one filed, and that ruling of the court is not preserved for our review. The motions to strike the several affidavits of merits from the files are not preserved by bill of exceptions. In the record written up by the clerk of the munici-

pal court it is recited that on motion of defendant in error
the affidavits of merits were stricken from the files and
time given plaintiffs in error to file further affidavits of
merits, except as to the last one stricken. There is nothing
in the record showing any leave was asked or given for
further time to file an affidavit of merits after the last one
filed was stricken. Motions and orders striking pleas from
the files, and exceptions thereto, should be preserved by bill
of exceptions and cannot be made part of the record other-
wise. (*Reed* v. *Horne,* 73 Ill. 598; *Snell* v. *Trustees of
M. E. Church,* 58 id. 290; *Gaddy* v. *McCleave,* 59 id. 182.)
The clerk's record does not show that any objections were
made or exceptions taken by plaintiffs in error to the ruling
of the court in striking the affidavits of merits from the
files. Section 38 of the Municipal Court act provides that
no formal exception need be taken, in actions of the first
class, to any erroneous ruling of the court against the ob-
jection of the party complaining, but this does not relieve
the complaining party from the duty of preserving by bill
of exceptions such matters for review as are not properly
part of the common law record nor from showing the rul-
ings complained of were made against his objections.

Before filing any plea or affidavit of merits setting out
the defense of plaintiffs in error to the action their counsel
entered their appearance, and his appearance as their attor-
ney, in writing, "and upon their behalf ask for trial by
jury." The record prepared by the clerk shows that after
the default was entered, damages assessed and judgment
therefor rendered, a motion was made by plaintiffs in er-
ror to set aside the judgment, which was overruled and no
objection made by them to the ruling. The judgment by
default after appearance entered was irregular. It should
have been a judgment *nil dicit* or for want of plea, but this
irregularity is not necessarily reversible. (*Plaff* v. *Pacific
Express Co.* 251 Ill. 243.) No objection was made to the
judgment by default and no request was made by plaintiffs

in error for a jury to assess the damages after default entered. It is now contended the court erred in not causing the damages to be assessed, after the default, by a jury. Section 30 of the Municipal Court act provides that all cases of the first class shall be tried by the court without suit, or the defendant, at the time he enters his appearance, shall file with the clerk a demand, in writing, for trial by jury. By section 59 of the Practice act the court is authorized, upon default, to assess the damages without a jury unless a jury is demanded, and either party may demand a jury for that purpose. Here no demand was made for a jury to assess the damages. The demand for a jury was made before there was any default and when it was apparent plaintiffs in error did not contemplate a judgment against them by default. The demand was for "trial by jury," and we think it clear had reference to a trial of the issues when made up and not to an assessment of damages. If plaintiffs in error had wanted the damages assessed by a jury they should have made that request after default was entered, and not have stood by and without objection allowed the court to assess the damages. The court was warranted in assuming the demand for trial by jury made on entering their appearance did not mean they wanted the damages assessed by a jury after default. The allegations of the defendant in error's claim showed the amount due was liquidated and fixed. He was, under the allegations, entitled to recover no more nor no less than the face of the bond. Every material traversable fact alleged was admitted by the default. (*City of Chicago* v. *English,* 198 Ill. 211; *Wolf* v. *Powers,* 241 id. 9.) It does not appear that plaintiffs in error made any effort, in any manner, to reduce the damages below the face of the bond, and we do not see how it could make any difference to them whether the damages were assessed by the court or a jury. It is not shown by this record what evidence the court heard in assessing the damages, and we fail to see how the judgment could be

for any different or less amount on the face of the record. If it was error for the court to assess the damages it does not appear that any injustice was done plaintiffs in error thereby, and such an error affords no justification for reversing the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*