## Anna J. S. Harmon, Appellee, v. A. P. Callahan, Appellant.

### Gen. No. 22,404.

MUNICIPAL COURT OF CHICAGO, § 27*—*what ruling of trial judge must be preserved in bill of exceptions.* The ruling of a trial judge of the Municipal Court of Chicago in a first-class case striking an amended affidavit of merits from the files must be preserved in a bill of exceptions.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917. Rehearing denied October 25, 1917.

WILLARD C. McNITT and JOSEPH A. BATES, for appellant.

CULVER, ANDREWS, KING & COOK, for appellee; WELLS M. COOK, of counsel; on petition for rehearing. CHRISTOPHER KING, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal from a judgment entered October 29, 1915, for $2,297.60, in the Municipal Court of Chicago, in a first-class case, recovered by appellee against the appellant, as guarantor of the rent of a certain lease.

Upon the motion of the appellee the trial judge struck the appellant's second amended affidavit of merits from the files (except a certain part thereof) and entered judgment in favor of the appellee for want of an affidavit of merits of defense. There is no bill of exceptions in the record. The record, as prepared by the clerk of the Municipal Court on a *præcipe*, shows appellee's statement of claim, appellant's second amended affidavit of merits, a recital of plaintiff's motion to strike the same from the files, the election of appellant to stand by his second amended affidavit of merits, the assessment of damages by default for want of an affidavit of merits, the overruling of the motion in arrest of judgment, and the judgment. A motion was made in this court by the appellee to dismiss the appeal or affirm the judgment on the record, and an order entered pursuant thereto as follows: "April 7, 1916, Mo. appellee to dismiss appeal or aff. judgt. with statutory damages as per sugg. denied."

It is claimed by appellee that a motion to strike a pleading from the files, unless preserved by bill of exceptions, cannot be reviewed in this court unless excepted to and preserved by bill of exceptions. The record shows that upon the motion of the plaintiff being allowed, and the second amended affidavit of merits being ordered stricken from the files, the defendant elected to stand by his second amended affidavit of merits, and that upon the court assessing the plaintiff's damages the defendant moved the court in arrest of judgment, which motion was overruled; and that upon the court ordering that the plaintiff have judgment the defendant prayed an appeal.

Although, in *Whiting v. Fuller*, 22 Ill. 33 (1859), the court said: "If a plea be stricken from the files, it still remains a part of the record for the purpose of presenting the question of the propriety of the action of the court in striking it from the files," that seems no longer to be the law. In *Snell v. Trustees of M. E. Church of Clinton*, 58 Ill. 290 (1871), Mr. Justice Sheldon used the following language: "In regard to the ruling of the court in striking the third plea from the files, the motion and ruling of the court in that respect are not preserved in the bill of exceptions, and the same are not before us for consideration. This court has frequently said that motions of. this character do not become a part of the record." In *Reed v. Horne*, 73 Ill. 598 (1874), Mr. Justice Scott, who delivered the opinion of the court, said: "It is fatal to the objection taken that neither the motion nor any exception to the decision of the court striking out the plea is preserved by a bill of exceptions, as required by the rules of practice in this court. Such motions do not become a part of the record unless made so by means of a bill of exceptions. The rule on this subject was declared in *Snell v. Trustees of M. E. Church of Clinton*, 58 Ill. 290, and that case is conclusive of the same question in the case at bar." In *Fanning v. Russell*, 81 Ill. 398, the court used the following language: "We cannot, on this transcript, review the judgment of the Circuit Court in striking the pleas from the files. We have nothing in the record showing what cause was made to appear before that court. There is no bill of exceptions preserving the evidence heard by the Circuit Court upon that motion. It will not be denied that cases may occur where such an order would be proper. There being no bill of exceptions to show the contrary, this court will presume that a proper case for such an order was made before the Circuit Court."

Likewise, in *Gaynor v. Hibernia Sav. Bank*, 166 Ill.

579, Mr. Justice Cartwright said: "The only error alleged is that the court erred in striking the plea from the files, and it has been repeatedly held that such action of the court cannot be considered unless. the motion, decision and an exception thereto are presented in a bill of exceptions, so that the error, if any, may appear from the record. Where there is no bill of exceptions the motion and decision do not become a part of the record, and it will be presumed that the action of the court was correct." And after citing certain cases, he continued: "In the last case it was said that the pleas stricken from the files presented on their face a good defense to the action, but as a case might occur where an order striking them from the files would be proper, it would be presumed, in the absence of a bill of exceptions, that a proper case for such an order was made." He further stated, in the course of the same opinion, that *Whiting v. Fuller, supra,* has been overruled. In *Mann v. Brown,* 263 Ill. 394, Mr. Justice Farmer, in a case appealed from a judgment of the Municipal Court of Chicago, used the following language: "Motions and orders striking pleas from the files, and exceptions thereto, should be preserved by a bill of exceptions and cannot be made part of the record otherwise." In *Witteman Co. v. Goeke,* 200 Ill. App. 108, the court said: "A pleading which has been stricken from the files is no longer a part of the common-law record and can only be brought to the attention of the upper courts by a bill of exceptions. Such a motion is not based upon any defect of the pleading which could be reached by demurrer, but upon other grounds, and the parties have a right to offer proofs by affidavit or otherwise, and without a bill of exceptions it cannot be known whether the proof justified the order. Unless those proofs are preserved by a bill of exceptions, the order must be presumed to be correct."

It follows, therefore, from the law as it exists in

this State, that, although it may be obvious from the record, that the only ground upon which the trial court acted was (as in the instant case, for example) the statement of claim and the striking of the second amended affidavit of merits; such a record, without a bill of exceptions showing what transpired in the way of additional facts and circumstances at the trial or that there were no additional circumstances and facts, does not permit this court to review the judgment of the trial court, in striking the pleading from the files. The abolition of demurrers in the Municipal Court does not seem to make any difference. Of course, it is difficult to understand the reason for the rule. It certainly would seem to be more rational to allow the court of review to consider the record without a bill of exceptions whenever it is satisfied from the record that a bill of exceptions would add nothing material. In the instant case, therefore, although we are of the opinion that the second amended affidavit of merits sufficiently charges appellee with failure, after taking possession of the premises, to exercise reasonable diligence to re-rent them and thus reduce the damages for which appellant might be liable and that the second amended affidavit of merits should not have been stricken, we are compelled to hold, in view of the law requiring the appellant to preserve in a bill of exceptions the ruling of the trial judge striking the second amended affidavit of merits from the files, that in the record as it is presented to us for review, without a bill of exceptions, there is no error.

*Affirmed.*