CHICAGO—FIRST DISTRICT—MAY, 1923.    409

H. & E. Holding Co., Inc. v. W. A. Davis L. Co., 229 Ill. App. 409.

## H. & E. Holding Company, Inc., Appellee, v. W. A. Davis Lumber Company, Appellant.

### Gen. No. 28,035.

1. APPEAL AND ERROR—*review of rulings of municipal court on pleadings on incomplete bill of exceptions.* The Appellate Court may review the action of the lower court in striking from the files defendant's affidavit of merits, on appeal from a judgment of the municipal court of Chicago entered after the lower court had stricken the affidavit under municipal court rule 20, authorizing the court to strike any pleading from the files for insufficiency in law or form, although neither the affidavit nor the motion to strike is incorporated in the bill of exceptions, where the bill of exceptions recites that the lower court found as a matter of law "that said affidavit is insufficient in law," since in such case the proceedings will be treated as in the nature of a demurrer.

2. PLEADING—*sufficiency of general denial in affidavit of defense in action on note.* An allegation in an affidavit of defense which admits the execution by defendant of the note sued on, of which plaintiff is alleged in the statement of claim to be the legal holder, that affiant is informed that plaintiff is not the innocent purchaser of such note before maturity, is insufficient in law under municipal court rule 15, requiring denials to be direct and specific and to deal specifically with each allegation of fact not admitted, where no specific facts are alleged touching plaintiff's rights in the note.

3. PLEADING—*sufficiency of denials in affidavit of defense in action on note.* An affidavit of defense in an action in the municipal court of Chicago by the indorsee of a promissory note made by defendant, the execution of which is admitted, is insufficient as a matter of law where it denies that defendant made the note payable to the payee named therein and alleges that defendant has received no consideration for the note, where no specific facts are alleged in support of such allegations as required by municipal court rule 15.

4. PLEADING—*denial of indebtedness as conclusion of law.* An allegation that defendant is not indebted to plaintiff upon the alleged note sued on is mere conclusion of law where plaintiff alleges in the statement of claim that it is the indorsee of the note and the legal holder thereof and the affidavit of defense admits the execution of the note to the payee named therein.

5. APPEAL AND ERROR—*assessment of damages on appeal taken for purpose of delay.* A judgment will be affirmed with ten per cent of the amount thereof imposed as a penalty for taking such

appeal solely for the purpose of delay, where the judgment was entered by the municipal court of Chicago after it had stricken the affidavit of defense from the files for insufficiency thereof in law, and defendant stood on its affidavit, which consisted of general denials and allegations unsupported by any allegations of specific facts tending to defeat recovery on the note sued on, the execution of which was admitted, and did not seek to present any specific facts of merit by an amended affidavit.

Appeal by defendant from the Municipal Court of Chicago; the Hon. Charles A. Williams, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed May 28, 1923.

John S. Hummer, for appellant; Orville W. Lee, of counsel.

Stein, Mayer & David, for appellee; Sigmund W. David and Oscar Fainman, of counsel.

Mr. Presiding Justice McSurely delivered the opinion of the court.

This is an appeal by defendant from a judgment of $1,375.58, entered in an action upon a promissory note after an affidavit of merits filed by defendant had been stricken from the files.

Plaintiff first suggests that the action of the court in striking defendant's affidavit of merits is not properly before this court for review because defendant has not incorporated its affidavit nor plaintiff's motion to strike the same in its bill of exceptions. *Mann v. Brown,* 263 Ill. 394.

Rule 20 of the municipal court, which is properly before us, is:

"No demurrer shall be allowed, but the court may, on motion, order any pleading to be stricken out on the ground that it is insufficient in law, or does not comply with the rules of this court, or the court may order a more specific or amended pleading to be filed.

"If it appears that the party filing a pleading is relying upon a cause of action or defense that is clearly unfounded in law, the court may order the same stricken out and the action to be dismissed or judg-

ment to be entered accordingly as may be just."

Following the *Mann v. Brown* case, *supra,* there were a number of decisions in this court holding generally that the proceedings under this rule must be preserved for review by a bill of exceptions. *Witteman Co. v. Goeke,* 200 Ill. App. 108; *Harmon v. Callahan,* 207 Ill. App. 506; *American Lumber Co. v. Leach,* 207 Ill. App. 62; *Illinois Surety Co. v. Munro,* 209 Ill. App. 407.

When *Harmon v. Callahan, supra,* reached the Supreme Court, it was there held in effect that the rule of practice stated in *Mann v. Brown, supra,* had been given more general application than was justified; that rule 20 contemplated two different grounds for the action of the court in striking an affidavit of defense; first, grounds relating more especially to matters of form; and, second, those relating to matters of law; that where the action of the court was upon the first grounds it was necessary to preserve the proceedings for review by a bill of exceptions, but that when the action of the court rested upon the second ground, namely, that the defense presented "is clearly unfounded in law," then the motion to strike should be considered as a demurrer and subject to the settled rule that the action of the trial court in sustaining a demurrer to a plea is preserved for review without a bill of exceptions. *Harmon v. Callahan,* 286 Ill. 59. This case also held in substance that before the reviewing court should rule upon the question as to whether the proceedings to strike an affidavit of defense should be preserved by a bill of exceptions, the grounds of the court's action should appear, but did not overrule *Mann v. Brown, supra,* in holding that where the entire affidavit of defense is stricken and there is no bill of exceptions, and nothing in the record shows the grounds of the motion to strike or of the action of the court thereon, the proceedings must be preserved by a bill of exceptions.

Applying the above considerations to the instant

412 Appellate Courts of Illinois.

H. & E. Holding Co., Inc. v. W. A. Davis L. Co., 229 Ill. App. 409.

case, we have before us a bill of exceptions in which is recited that the court, having considered the affidavit of merits and the motion to strike, "finds as a matter of law that said affidavit of merits is insufficient in law." The proceedings must therefore be treated as in the nature of a demurrer and hence it is unnecessary to preserve the same for review by a bill of exceptions.

Plaintiff alleges that its claim is upon a promissory note for $1,368, a copy of which is attached to the statement of claim and made a part thereof, executed by the defendant, dated January 21, 1922, payable four months after date to the order of the Safety Sled Company and delivered by defendant to the Safety Sled Company, and transferred by this payee to the plaintiff herein, who is now the legal holder thereof. To the statement of claim was attached a copy of the note, showing an indorsement by the payee, the Safety Sled Company. By its affidavit of merits defendant admitted the execution of the note, but denied that it made it payable to the Safety Sled Company, or that it delivered the note to the Safety Sled Company; says that it never authorized any one to make or deliver the note to the Safety Sled Company; denies "that the defendant received any consideration for said note." The affidavit, signed by the president of the defendant company, also says that "affiant further alleges that he is so informed, and believes the fact to be, that the plaintiff at the time of the alleged transfer of said alleged note had notice of the above facts, and is not an innocent purchaser of said alleged note before maturity, and that the defendant is not indebted upon said alleged note to the plaintiff in any sum whatsoever."

Defendant in its brief makes some nine general points, but the application of these to the instant question is rather ambiguous. Under rule 15 of the municipal court, "denials must be direct and specific, not argumentative. It shall not be sufficient to deny

generally the grounds for relief alleged in the statement of claim * * * but each party must deal specifically with each allegation of fact of which he does not admit the truth.''

The allegation of the statement of claim that plaintiff is the legal holder of the note is not met by the assertion in the affidavit of merits that the affiant is informed that the plaintiff is not the innocent purchaser of the note before maturity.   Every holder is deemed prima facie to be a holder in due course. Negotiable Instrument Act, sec. 79 [Cahill's Ill. St. ch. 98, ¶ 79]; *Kuolt v. Canright,* 202 Ill. App. 502.   In failing to allege specific facts touching plaintiff's rights in the note, defendant's affidavit of merits was deficient as a matter of law.

Defendant, having admitted the execution of the note, cannot rest upon the simple denial that it did not make the note payable to the Safety Sled Company.   The two assertions are apparently contradictory.   If there were any facts which would explain this seeming contradiction, they should have been specifically set forth in the affidavit of defense.   This is also true with reference to the general assertion that the defendant has not received any consideration for the note.   This again fails to specify the nature of the defense relied upon, as required by the rules of the municipal court.   *Perry v. Krausz,* 166 Ill. App. 1; *Harrison v. Rosehill Cemetery Co.,* 291 Ill. 416.

Equally unavailing is the mere conclusion that the defendant is not indebted upon the alleged note to the plaintiff.   *Harris v. Willis,* 209 Ill. App. 401.

The trial court properly sustained the motion to strike the affidavit of defense, for it did not observe in any particular the requirements of a specific statement of the nature of the defense.   This is so self-evident from reading the affidavit of merits that extended argument is not necessary.

When the affidavit of merits was stricken the defendant did not seek to file an amended affidavit, but elected to stand by its affidavit, and judgment was therefore entered by default. If there were any facts of merit tending to make a sufficient defense to the action, defendant could easily have presented these by an amended affidavit. Its failure to do this gives good ground for the argument of plaintiff's counsel that this appeal has been taken to this court solely for the purpose of delay, and that the judgment should be affirmed with ten per cent of the amount of the judgment imposed as a penalty. We are of the opinion that the record justifies the allowance of damages, and the judgment is affirmed and judgment against defendant for $137.55 is entered in this court.

*Affirmed with damages for delay.*

MATCHETT, J., concurs.