**Samuel Cohen et al., copartners trading as Cohen Bros. & Traub, Appellees, v. J. Flaxman and I. B. Flaxman, copartners trading as J. Flaxman Iron Company, Appellants.**

### Gen. No. 28,177.

1. APPEAL AND ERROR—*bill of exceptions as prerequisite to review of order striking affidavit of merits from files.* The order of the municipal court of Chicago in striking an amended affidavit of merits from the files is reviewable on appeal from the default judgment thereafter entered against defendants on the common-law record without a bill of exceptions where the action was for money paid and damages for breach of contract, and the motion to strike, in view of the affidavits of claim and of merits was in the nature of a demurrer, especially under municipal court rule, No. 20, abolishing demurrers and giving the quality thereof to motions to strike.

2. AFFIDAVITS—*legal sufficiency of affidavit of merits.* An affidavit of merits made by the attorney for defendants on their behalf

who swears that he "verily believes that the said defendants have a good defense" to the suit on its merits, "that the defense" is as thereafter set out, followed by averments of the material facts, each of which commences with the words "the defendants state" or "deny," etc., is insufficient as a matter of law, where it is signed and sworn to by the attorney and not by the defendants, since if the statements therein are untrue, neither the attorney nor the defendants could be held for false swearing; and such affidavit was properly stricken from the files.

Appeal by defendants from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed February 20, 1924.

WALTER A. ROONEY, for appellants.

BENJAMIN B. MORRIS, for appellees.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The plaintiffs, Cohen Bros. & Traub, brought suit against the defendants, J. Flaxman Iron Company, for $500, money paid, and $272.50 damages for breach of contract, and upon a trial without a jury recovered judgment in the sum of $772.50. This appeal is therefrom.

One June 24, 1922, the plaintiffs filed a verified statement of claim. On July 5, 1922, the defendants filed an affidavit of merits. On July 19, 1922, an order was entered striking the affidavit of merits from the files, and ordering the defendants to file an amended affidavit of merits in five days. On July 19, 1922, the defendants filed an amended affidavit of merits. On July 24, 1922, an order was entered striking that from the files, and extending the defendants' time five days in which to file an amended affidavit of merits. On July 28, 1922, the defendants filed another amended affidavit of merits, and, on the same day, on motion of the plaintiff, it was stricken from the files. The order entered contained the following:

"It appearing to the Court that the plaintiff herein has filed, as provided by law and the rules of this Court, an affidavit showing the nature of plaintiffs' demand and the amount claimed to be due the plaintiffs from the defendants, J. Flaxman and I. B. Flaxman, after allowing to the defendant all just credits, deductions and set-offs, and that this cause is a suit for the payment of money, and that the defendants herein are in default for want of an affidavit of merits or defense in this cause, it is, on motion of the plaintiffs, ordered by the Court that judgment be entered herein against said defendants, by default for want of such affidavit of merits."

That order assessed the plaintiffs' damages, and fixed the judgment in favor of the plaintiffs at $772.50 and costs.

On October 24, 1922, after the record on appeal to this court was filed, on a motion by counsel for the plaintiffs (appellees), page 23 of the record, which page purported to be a bill of exceptions, was stricken, leaving only the common-law record in this court.

At the outset, it is contended on the part of the plaintiffs that this court is not entitled, with only the common-law record before it, to decide whether or not the trial judge erred in overruling the amended affidavit of merits and entering judgment by default. Considering, however, the nature of the plaintiffs' claim as set forth in its statement of claim and the allegations in the last amended affidavit of merits, it seems but reasonable to conclude from the order of the court striking the amended affidavit of merits from the files that the motion to strike was considered as in the nature of a demurrer; and as it is the law that the action of the trial court in sustaining a demurrer is preserved for review without a bill of exceptions, we are of the opinion that the action of the trial court is before us for consideration. *Harmon v. Callahan*, 286 Ill. 59. Further, rule 20 of the rules of the municipal court in abolishing demurrers gives the quality of a demurrer to a motion to strike.

Inasmuch as the defendants filed successively an original affidavit of merits and two amended affidavits of merits and the trial judge struck them all and entered judgment on the ground "that the defendants herein are in default for want of an affidavit of merits or defense in this cause," the question arises whether the last amended affidavit of merits, which was stricken, was insufficient in law.

The statement of claim of the plaintiffs recites that on May 22, 1922, they purchased from the defendants 3,000 lbs. of copper wire at 10½ cents per pound; 6,000 lbs. red brass at 8½ cents per pound; 6,000 lbs. yellow brass at 5¼ cents per pound; 500 lbs. of aluminum at 5½ cents per pound; and 2,000 lbs. of red brass borings at 7¾ cents per pound, to be shipped in six or seven days, upon which purchase they, the plaintiffs, gave the defendants a check for $500, which check was cashed by the defendants in due course. The statement of claim further recites that after May 22, 1922, the defendants at various times promised and agreed to deliver the metal, but on June 17, 1922, "the defendants refused to deliver the material." It further recites that at the latter date the market price in Chicago on the various metals mentioned had increased, and sets forth the increase on each per pound. It further recites that the difference between the contract price and the market price was $2.50, which, together with the $500 advanced, makes a total of $772.50 which the defendants owe the plaintiffs.

The last amended affidavit of merits, which was filed by the defendants on July 28, 1922, is signed and sworn to only by Walter A. Rooney, the defendants' attorney. It begins as follows:

"Walter A. Rooney makes oath and says that he is the agent for the defendants and that he is familiar and knows the facts in the above-entitled cause, and that he verily believes that the said defendants have a good defense to this suit, upon the merits, to the whole of the plaintiffs' demand."

The remainder of the affidavit of merits is as follows:

"Affiant further states that the defense of the defendants to said suit is as follows: That the defendants are not indebted to the plaintiffs in the sum of $772.50. Defendants further deny that the plaintiffs purchased from the defendants the amount of materials at the price and terms as set out in the plaintiffs' statement of claim. Defendants state that they entered into contract with the plaintiffs dated May 22, 1922, for the sale of 3,000 lbs. of copper wire at 10½ cents per pound; 6,000 lbs. of red brass at 8½ cents per pound; 6,000 lbs. of yellow brass at 5¼ cents per pound; 500 lbs. of aluminum at 11½ cents per pound; 2,000 lbs. of red brass borings at 7¾ cents per pound, to be delivered in 6 or 7 days f.o.b. defendants' place of business. That said $500.00 was given by the plaintiff to the defendants for the faithful performance of their contract with the defendants, and if the plaintiffs performed their contract that said $500.00 was to apply on the purchase price and if they did not perform their contract that said defendants were to retain the said $500.00. That the plaintiffs said $500.00 was by check payable to the order of J. Flaxman Iron Company dated the 24th day of May, 1922. The defendants deny that there was any writing whatsoever on the back of said check at the time the same was delivered to defendants by the plaintiffs. Defendants further state that 2 days after the making of said contract the defendants tendered the plaintiffs the material contracted for and the plaintiffs refused to accept stating at the time that they had no wagons to haul the same. The defendants requested the plaintiffs several times afterwards within the 6 or 7 days to take said material and the plaintiffs refused so to do. The defendant on several occasions after 6 or 7 days tendered the plaintiffs said material and the plaintiffs refused to accept. The defendants deny that after May 22nd, 1922, that they promised to deliver said metal to the plaintiffs and that they continued to promise to deliver said metal until June 17th, 1922,

but states the fact that they, the defendants, some 9 or 10 days after the agreement was entered into, again tendered the plaintiffs said material and the plaintiffs refused to accept.  The defendants further state that after 20 days had gone by from the time that said contract was entered into the market on copper wire had increased at Chicago 1 cent per pound, that the red brass had increased at Chicago ¾ cents per pound, that the yellow brass at Chicago had increased 1¼ cents per pound, that the aluminum at Chicago had increased 1½ cents per pound, that the red brass borings had increased at Chicago ½ cents per pound, and that then the plaintiffs demanded said material from the defendants and the defendants refused to deliver because of the increase in the market and because the plaintiffs had not complied with the terms of their agreement.

"The defendants further deny that the plaintiffs suffered damages between the contract price and the market price of the material amounting to $272.50. Defendants further state that they had the right to retain the said $500.00 given to them by plaintiffs under the terms of their agreement and that if they, the plaintiffs, had refused to carry out the agreement of the contract, that then the defendants were to retain the $500.00 as liquidated damages and that said plaintiffs did not carry out the terms of their contract."

The attorney for the defendants swears "he verily believes that the said defendants have a good defense to this suit upon the merits."  He then "states that the defense of the defendants to said suit is as follows."  The antecedent of "defense" in the last clause is the defense which he swears he verily believes they have.  It will be observed that thereafter in every paragraph of importance in the amended affidavit of merits—nine of them—the language is "Defendants further deny," "Defendants state," "The defendants deny," "Defendants further state," "The defendants requested," "The defendants deny," "The defendants further state," "The defendants further deny," and "Defendants further state,"

and, yet, the affidavit of merits is not signed by any of the defendants, but by their attorney. They could not be held for false swearing, if what is stated is untrue, nor could he, because he does not commit himself. Such a document does not fulfill the requirements of the law. The law requires that the affidavit should be such "that if false the party making it could be convicted of perjury." *Perry v. Krausz,* 166 Ill. App. 1. Under the circumstances, we are of the opinion that no error was committed in striking the last amended affidavit of merits and entering judgment as in case of a default.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, J., and THOMSON, J., concur.