## MICHAEL FIREBAUGH

*v.*

## BARTON HALL.

1. ATTACHMENT—*jurisdiction—presumption.* In attachment cases, jurisdiction is conferred by special grants from the legislature, and the doctrine of presumptions, as applicable to courts in the exercise of their common law powers, does not and can not apply. Their jurisdiction must affirmatively appear on the face of the proceedings.

2. SAME—*in aid of sci. fa. to make party to judgment—jurisdiction.* Under the act of 1861, an attachment in aid of a *scire facias* to make a person a party to a judgment, can be had only when a *scire facias* has been issued. Until it is issued the circuit court has no jurisdiction of an attachment in aid thereof, because there is nothing on which to base it,—nothing to which it can attach in aid thereof.

3. SAME—*notice by publication—requisites.* Service of the writ by levy on property gives the court jurisdiction over the property only. To acquire it over the person of the defendant, there must be actual, or constructive notice by publication, and where the writ is in aid of a *scire facias*

6—63D ILL.

to make a party to a judgment, it seems that the published notice, in order to confer jurisdiction, should refer to the original suit, so as to apprise the party of the existence of the judgment against his co-defendant.

4. JUDGMENT—*void for want of jurisdiction.* In this case it appeared that suit was brought against A and B upon a note, in 1860, and service being had upon A only, judgment was rendered against him, and a *scire facias* ordered to issue against B, which, however, was never in fact issued. After the passage of the act of 1861, amending the attachment law, an attachment was sued out against B and levied upon his lands. Notice by publication was given, but it contained no reference to the prior proceeding or to the *scire facias.* Upon this notice, there being no personal service or appearance, judgment was rendered by default, making B a party to the original judgment, and awarding special execution for the sale of the lands attached. They were sold, and sheriff's deed executed to the holder of the certificate of purchase: *Held,* on the trial of an action of ejectment, that the judgment of the court was void for want of jurisdiction, and that consequently the sale and all proceedings under it were void.

APPEAL from the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

Mr. C. B. SMITH, for the appellant.

Mr. R. C. WRIGHT and Mr. J. S. JONES, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, in the Champaign circuit court, by Michael Firebaugh against Barton Hall, to recover the possession of certain lands therein situate. There was a trial by the court by consent, and a finding and judgment for the defendant.

To reverse this judgment the plaintiff appeals.

Plaintiff darraigned title from the United States to himself, and proved defendant was in possession at the time of suit brought.

The defense was, an outstanding title in one Peabody, through a sale by the sheriff on an execution issued on a judgment rendered by the circuit court against plaintiff in certain

attachment proceedings therein, in which Harrison W. Drillinger, administrator on the estate of James Cowden, deceased, was plaintiff, and appellant defendant.

The controversy turns on the validity of these proceedings.

It appears appellant, with one Benjamin Springer, executed a note to James Cowden, in his life time, for two hundred dollars. On the death of Cowden, letters of administration were granted to Harrison W. Drillinger, who, at the October term, 1860, of the Champaign circuit court, instituted a suit on the note against both the makers. Springer alone was served with process, who, at that term, suffered a judgment to be entered against him for default of plea. Judgment was rendered against him for two hundred and fifty-two dollars eighty cents, and a *scire facias* ordered against appellant returnable to the next term of the court, to make him a party to the judgment.

It does not appear that a writ of *scire facias* issued against appellant, but Drillinger, administrator, made an affidavit of the non-residence of appellant, on the 18th of September, 1861, in the Champaign circuit court, and thereupon, after giving bond, sued out an attachment against the estate of appellant, which was levied by the sheriff on the premises in question.

At the following December term, proof of notice of these proceedings by publication in a newspaper of the county was duly made, and the defendant, appellant here, being called, made default. Whereupon " It was considered by the court that the plaintiff hath sustained damages by reason of the non-performance of certain promises in the plaintiff's declaration mentioned. It is therefore considered by the court that the said defendant be made party to the original judgment heretofore rendered herein; and it is adjudged by the court that the said plaintiff recover of the said defendant the sum of $252.80, being the amount of the judgment heretofore rendered herein, and also his costs in this behalf expended; and that execution

issue therefor. And it is further ordered that a special exe-
cution issue herein against the property heretofore attached
herein."

Appellant contends that these proceedings are void for want
of jurisdiction of the court, both of the person and of the sub-
ject matter of the suit; and also that the description of the
land under the levy, and all subsequent proceedings under the
attachment, are void for want of certainty.

To establish the first proposition, appellant refers to the
proceedings in the suit first commenced by Drillinger, admin-
istrator of Cowden, against Springer and appellant, by which
it appears a *scire facias* was awarded to make appellant a party
to the judgment, and that the proceedings by attachment,
which could be issued only in aid of that *scire facias*, could
not be made to perform the office of a *scire facias*, and thereby
make appellant a party to the judgment. He insists, as these
proceedings were not entitled in aid of the original suit, the
court had no jurisdiction to entertain it—that the plaintiff in
the first suit must obtain personal service of the *scire facias*
before he can sue out an attachment.

But appellee's counsel insist they were in aid, and were so
taken and understood by the court in rendering judgment, as
the judgment makes appellant a party to the original judg-
ment in the action of assumpsit, and determines the amount
of the recovery by that judgment.

The question then would arise, is a party in appellant's po-
sition subject to proceedings by attachment, who has not been
personally served with a writ of *scire facias?*

What is the object of this suit? It is to make known to a
defendant that a judgment has been rendered against his co-
defendant in the action named, and he must appear and show
cause why he should not be made a party to that judgment.
It is indispensable, to effect this, that the defendant not served
originally should have personal notice by service of the writ.
This object can not be accomplished by attachment proceedings
in which there is no personal service. Service of the writ by

levy on property gives the court jurisdiction of the property only. To acquire it over the person there must be actual, or constructive notice by publication. If by the latter, it is apparent a defendant may never have knowledge of a judgment against his co-defendant, and if the notice does not name the original suit, it would not accomplish the object. The notice in this case makes no reference to the original suit, and it is a conceded fact that, although a *scire facias* was ordered by the court on rendering judgment against Springer, no writ of *sci. fa.* did in fact issue against appellant.

The question then arises, by what authority was the attachment proceedings instituted ?

The act of 1861, by the first section, provides: "In all cases where a *scire facias* shall be sent out of any court of this State, to make any person or persons party to any judgment that now has been or may hereafter be rendered therein, writs of attachment may be issued in aid thereof against one or all of the persons named in such *scire facias,* to any county of this State, upon the terms and provisions and in the cases provided in the chapter to which this is an amendment, for the issuing of writs of attachment; and the parties to such writs of attachment may be brought in by advertisement, as in other cases of attachment, when personal service can not be had." Laws of 1861, p. 171.

Here we find an express provision authorizing proceedings by attachment in aid of a *scire facias* only in cases where such writ has been "sent out" or issued out of any court of this State. It is in such cases only that resort can be had to an attachment to aid it. Before this statute was adopted an attachment could be sued out in aid of the summons which had issued in the original action, and which summons must be served.

The case of *Moore* v. *Hamilton*, 2 Gilm. 429, is directly in point. In that case Hamilton had brought an action of assumpsit against Moore by summons, which was not served on Moore. Subsequently Hamilton sued out an attachment in

aid of this action, which was levied on the real and personal estate of Moore, and notice of its pendency was given by publication only. On proof of publication, Moore not appearing, his default was entered, and the plaintiff's damages were assessed and judgment rendered for the same. It did not appear that the action of assumpsit had been disposed of. The court held, the judgment was unwarranted for want of personal service upon the defendant.

The court say, an attachment in aid of a suit already commenced is but an adjunct of such suit, not a distinct proceeding. It is to be entitled in the pending suit, and be in aid thereof. It is only process and a part of the proceedings in the case originally commenced. By the service of the writ of attachment, the defendant is prevented from alienating or carrying away his estate during the pendency of the suit. If the action proceeds to judgment, and the attachment is not in the meantime dissolved, the plaintiff has the benefit of a general judgment against the defendant, and a specific lien on the estate attached for its payment. Before the plaintiff can realize the fruits of the attachment by subjecting the property to sale, he must procure a service of the process in the original action and obtain judgment therein. The action must first be disposed of—if it fails, the attachment goes with it.

The court further say, if the plaintiff can not procure a service of the process, his proper course is to discontinue his case and sue out an original attachment. If this attachment can be regarded as an independent proceeding, one of the principal provisions of the attachment law could be easily evaded. The statute only allows the remedy by attachment to recover indebtedness growing out of contract, express or implied, or ascertained and liquidated by a judgment. An original attachment can not be sued out for the purposes of recovering damages for a tort. By the 30th section, an attachment may be sued out in aid of an action of trespass. The court say, if the attachment thus instituted could be carried on without reference to the pending action, the effect would be to

permit the plaintiff to recover a judgment in attachment against a non-resident for a personal injury. This would allow him to do indirectly, by this kind of proceeding, what he can not do directly by an original proceeding. The court concludes by saying, the remedies by attachment are in derogation of the common law, and ought not to be extended by implication.

This case holds, when process has not been served in the original action, an attachment in aid thereof can not be resorted to, and that the court has no jurisdiction to entertain such a proceeding.

By the 1st section of the act of 1861, cited above, an attachment in aid of a *scire facias* to make a person party to a judgment, can be had only when a *scire facias* has been issued; it must have been "sent out" of the court. Until it is "sent out" or issued, it is clear the circuit court has no jurisdiction of an attachment in aid thereof, for there is nothing on which to base it. No writ of *scire facias* having been "sent out," the court had no jurisdiction of the attachment in aid, for there then was nothing to aid by such a proceeding. We can not, by implication, extend the operation of this statute, but must hold parties to a strict observance of its provisions.

In attachment cases jurisdiction is conferred by special grants from the legislature, and the doctrine of presumption, as applicable to courts in the exercise of their common law powers, does not and can not apply.

The views we have here expressed render it unnecessary to notice the other points made. The court having no jurisdiction of the attachment proceedings, the judgment thereon, and all proceedings thereunder, were void.

The supposed outstanding title in Peabody having been acquired under these proceedings, was of no effect, and can not prevail against appellant in the ejectment.

The judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*