Steele-Wedeles Co. v. Shoodoc Pond Pack. Co., 153 Ill. App. 576.

struction was properly refused for that reason and for other reasons appearing on its face.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*

## Steele-Wedeles Company, Appellant, v. Shoodoc Pond Packing Company, Appellee.

### Gen. No. 5,185.

1. PLEADING—*what not part of declaration.* The copy of an instrument filed with a declaration is no part thereof.

2. PLEADING—*effect of allegations under videlicet.* To allege a date under a *videlicet* is not to make a positive averment as to time and such an allegation is insufficient where a positive averment is required.

3. ATTACHMENTS—*when original does not lie.* An original attachment will not lie to recover unliquidated damages even though an action of assumpsit is brought and may be maintained therefor.

4. ATTACHMENTS—*what affidavit should show in action by assignee.* In order to maintain an attachment predicated upon a claim acquired by assignment, the affidavit in attachment should positively show that the claim sued on was assigned to the plaintiff subsequent to section 18 of the Practice Act of 1907 going into effect.

5. ASSIGNMENTS—*choses in action prior to Practice Act of 1907.* Prior to the enactment of section 18 of the Practice Act of 1907 a claim for brokerage commissions was not assignable at common law so that the assignee could sue and recover therefor in his own name.

6. DAMAGES—*when unliquidated.* If the question of damages is dependent upon the determination of the market value of merchandise, such damages are unliquidated, where such question of market value is one as to which opinions may reasonably differ.

Assumpsit. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed March 11, 1910.

MAYER, MEYER & AUSTRIAN and PAGE & WEAD, for appellant.

JAY T. HUNTER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellant, the Steele-Wedeles Company, an Illinois corporation, sued out a writ of attachment against the Shoodoc Pond Packing Company, a Maine corporation, appellee, in the Circuit Court of Peoria county, and garnisheed a party in that county. It filed a declaration in *assumpsit* containing a first special count upon one alleged cause of action, a second special count upon another alleged cause of action and the common counts. Appellee appeared specially and moved to quash the attachment writ, and filed a written motion specifying various grounds upon which it was based. Thereupon appellant, by leave of court, filed an amended affidavit in attachment. Appellee again moved to quash the writ and specified in detail its reasons in a written motion. That motion was heard and granted. The attachment writ was quashed and appellee had judgment against appellant for costs. Plaintiff below appeals from that judgment.

Attached to the declaration was a copy of the instrument declared upon in the first count. Both parties have argued the case in part upon the terms of that contract. The copy of an instrument filed with a declaration is no part of the declaration. But not only have the parties argued the case as if it were a part of the declaration, but also appellant in its bill of exceptions has inserted said contract and stated therein that it is a copy of the contract sued on. Moreover, if we should reverse and remand the cause for a trial it must ultimately come before us upon the question whether, in an action by appellant on this contract, an attachment will lie. We therefore conclude it proper to consider the contract, which is only partially

578    APPELLATE COURTS OF ILLINOIS.

Steele-Wedeles Co. v. Shoodoc Pond Pack. Co., 153 Ill. App. 576.

stated in the first special count of the declaration. The contract shows that appellee is a packer of blueberries at Machias, Maine, and by that contract it sold to appellant 600 cases of one kind of blueberries at a certain stated price, and 150 cases of another kind of blueberries at another stated price, from the packing of the factories for the season of 1907, upon certain terms as to times of payment, the delivery to be free on board of cars at Columbia Falls as soon as packed. The first special count set up that part of the contract just stated, and alleged that the time for the delivery of the blueberries had elapsed and appellant had been ready to receive and pay for them, but that appellee did not deliver them or any part thereof at Columbia Falls or elsewhere, but refused so to do, and that thereby appellant had been deprived of great gains and profits which would have accrued to it by the delivery of said blueberries. In the first special count therefore appellant sues for damages for failure to deliver goods pursuant to contract. The first question therefore is whether, under our statute, an attachment writ will lie for that cause of action.

The first section of the Attachment Act uses the terms "creditor," "debtor" and "indebtedness" and only allows an attachment for an indebtedness. The second section requires the attaching creditor to file an affidavit setting forth the nature and amount of the indebtedness. While the facts in Capes v. Burgess, 135 Ill. 61, were somewhat different from those in the case before us, yet the reasoning there employed is applicable. We are of opinion that it must be regarded as settled that in this state an original attachment will not lie to recover unliquidated damages, even though an action of *assumpsit* is brought and may be maintained therefor. Appellant calls our attention to the fact that under section 31 of the Attachment Act, an attachment in aid will ~~not~~ lie in actions of trespass and case, wherein the damages are not liquidated; and that that provision for an attachment

ERRATUM (App. 153.)

PAGE 578, 3RD LINE FROM BOTTOM OF PAGE,

Strike out the word "not."

in aid in an action of trespass was in force in this state as early as 1833. Revised Statutes of 1833, page 94, section 30 of Attachment Act; Revised Statutes of 1845, page 70, section 30 of Attachment Act. This, however, only applies to attachments in aid and not to original attachments, as held in Moore v. Hamilton, 2 Gilm. 429, 432.

Are the damages sought to be recovered under this special count liquidated or unliquidated? This question was decided, without much discussion, in Higbie v. Rust, 211 Ill. 333. In that case, a suit to recover for the value of certain merchandise delivered, the defendant sought to set-off the damages suffered by him by reason of the failure of the plaintiff to deliver certain other merchandise under an alleged contract between the parties. Plaintiff had failed to deliver to defendant 3,500 wooden pails which defendant claimed plaintiff had contracted to deliver to him and by which failure defendant claimed he was damaged. The law is that unliquidated damages cannot be set-off in an action of *assumpsit* where they result from the violation of an entirely distinct contract from that sued upon. The court held that the contract concerning said 3,500 wooden pails was entirely distinct from the two contracts upon which the plaintiff sued. The court held that defendant was seeking to set off unliquidated damages, and therefore denied his claim. Of course, the law fixes the rules which shall govern the ascertainment of the damages for failure to deliver wooden pails bargained for at a certain price, just as completely as it fixes the rule by which the damages shall be determined for a failure to deliver a specified number of cases of blueberries at a given price. If the damages were unliquidated in that case, they are unliquidated in this. We regard that case as decisive of the question here presented. In 1 Chitty's Pleading, 571, 572, it is said that the claim of a party for not delivering goods according to contract is a claim for unliquidated damages. No doubt it is true

that the damages are liquidated wherever they can be
determined from the contract itself, or from the con-
tract and the rules of law applicable thereto. We think
it obvious that other proof than, that must be intro-
duced to make a case here for plaintiff. The delivery
was to be "as soon as packed" and it was to be "from
the packing of factories of the season of 1907." It
would be necessary for appellant to prove when pack-
ing was completed at appellee's factories, or, if it did
not pack at all because of its own fault, then it would
be necessary to show when the packing should have
been completed in the usual course of that business in
Maine. It might very easily be that witnesses would
not agree on that subject. It would then be necessary
to prove what the value of the goods was at Columbia
Falls at the time when the packing was completed.
It does not necessarily follow that there is one fixed
market price for blueberries at that place. There
might easily be a difference of opinion as to what the
market price was at that time and place. These would
be questions of fact to be determined by a jury. The
language on page 67 of Capes v. Burgess, *supra,* is
very applicable to these considerations. It cannot be
said that appellee owes a debt to appellant for those
damages, which he can discharge by payment, until
this uncertain amount has been fixed by the jury. But
there is another feature in this contract which we
think is material upon this question. The contract
also provides: "In case of partial failure of the crop
of blueberries, occasioned by circumstances of nature
beyond control, it is understood the packer does not
incur liability beyond a *pro rata* delivery of his entire
pack with all other orders, if any taken." Appellant
did not set out this part of the contract in its first
special count. We will assume that it was not obliged
to plead that provision. Nevertheless, we are of opin-
ion that it is to be considered in determining whether
the damages suffered by appellant by reason of the
failure of appellee to deliver the blueberries pursuant
to contract are liquidated or unliquidated. It will not

do to say that the damages are liquidated and attachment will lie if appellee does not claim that there was a partial failure of the crop, but that the damages are unliquidated and attachment will not lie if appellee should set up that defense. If the contract itself is such that the damages may be unliquidated, then attachment will not lie. If appellee should set up in defense the partial failure of the crop, then it will be necessary to hear proofs upon the questions whether in fact there was a partial failure of the crop and, if so, whether that failure was occasioned by circumstances beyond control, and, if so, what was the total amount of all orders which appellee had taken for the delivery of blueberries for the packing of factories for the season of 1907, and also the percentage of failure of the crop, and thus to ascertain to how many cases appellant would have become entitled under a *pro-rata* delivery. It is manifest that damages to be ascertained by such evidence are unliquidated. We are of opinion that an original attachment will not lie for the breach of this contract set up in the first special count.

The second special count alleged that appellee became indebted to John L. Flannery, Jr., in a certain amount for a certain brokerage commission upon certain sales of blueberries made by Flannery for appellee and that Flannery sold and assigned his bill for said commissions to appellant; and it sought to recover the amount of said commissions in this action. Such an account was not assignable, and the assignee could not sue and recover therefor in his own name, prior to the enactment of section 18 of the Practice Act of 1907. That section requires that such an assignee, suing thereon in his own name, shall in his pleading on oath, or by affidavit where pleading is not required, state certain facts, and among these, when he acquired the title to this non-negotiable chose in action. Said special count did say that the bill was assigned by Flannery to appellant "on, to wit, the 11th day of August, A. D. 1908." The allegation of

that date under a *videlicet* was not a positive averment as to the time, and any other time could be proved under it. Rose v. Mutual Life Ins. Co., 144 Ill. App. 434, and cases there cited. But, even if that averment had been sufficient, the affidavit attached to the declaration did not allege that the matters averred in the declaration were true, nor did it state when this account was assigned to appellant. Neither of the affidavits for attachment stated when this account was assigned to appellant, although the failure to state when appellant acquired the title to the bill was expressly relied upon in each of the written motions to quash the writ. With that point distinctly made in writing, appellant did not choose to state the date under oath as the statute required. Appellant therefore has not shown that it has a cause of action on said account for commissions upon which it can maintain an action in its own name.

The judgment is therefore affirmed.

*Affirmed.*