## Tom B. Meglemry, Appellee, v. Gebhardt Chili Powder Company, Appellant.

### Gen. No. 19,317. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 19, 1914.

### Statement of the Case.

Action by Tom B. Meglemry against Gebhardt Chili Powder Company, a corporation, to recover damages

for wrongful termination of a contract of employment. Plaintiff was employed by defendant under a written contract as defendant's exclusive agent in certain territory for a period of two years to sell its manufactured food products. The contract became effective October 23, 1911. Plaintiff was discharged April 26, 1912, and began the suit May 24, 1912. Plaintiff recovered a verdict for $2,325. A remittitur of $825 was made and judgment was entered for $1,500, from which judgment defendant appeals.

JAMES R. WARD and OSCAR W. KUHN, for appellant.

ISAAC S. ROTHSCHILD, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 23*—*when defense as to amount of sales not available in suit for wrongful discharge.* In an action by an agent for his wrongful discharge from employment, a defense that plaintiff did not sell a certain amount of defendant's goods "during the first year" as required by the contract, *held* not available, where the first year of the contract had not ended and it appeared that such provision of the contract was waived by defendant.

2. PRINCIPAL AND AGENT, § 13*—*when defense of unauthorized sales on credit not sustained by the evidence.* In an action by an agent for wrongful discharge, a defense that plaintiff made sales to persons whose credit had not been previously approved by the defendant, *held*, not supported by competent proof, where the only thing in the record relating to it is an assertion in one of defendant's letters to plaintiff that sales made to two firms were contrary to instructions and that they had been charged to his account, and there was no affirmative proof of what instructions were given or how they were violated, *also held*, proof insufficient to support defense of "special offers" and sales without defendant's sanction.

3. EVIDENCE, § 165*—*when letters amount to hearsay or self-serving declarations.* In an action by an agent against his principal for wrongful discharge from employment, letters from defendant to plaintiff before and after the discharge and letters received by defendant from third persons, purporting to give information of

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

"guaranteed sales," and other irregularities of plaintiff, *held* to amount to hearsay or self-serving declarations on the part of defendant and incompetent as against plaintiff, except in so far as plaintiff's letters could be construed as an admission of their contents.

4. DAMAGES, § 61*—*measure of damages when agent wrongfully discharged by his principal.* Where an agent was employed for a term of years to introduce new commodities into a new field under a contract whereby he was to receive a commission on goods actually sold, pay his own expenses, employ his own men, and maintain an office at his own expense, the measure of damages for his wrongful discharge may be based on what he might earn during the unexpired term of his contract so as to include future profits, and damages need not be confined to proof of commissions earned before and owing at the time of the commencement of the suit.

5. MUNICIPAL COURT OF CHICAGO, § 8*—*jurisdiction of attachment in aid.* The Municipal Court is not without jurisdiction to issue a writ of attachment in aid in a case of the first class or where the damages are unliquidated, there being no such restriction in sections 19 and 28 of the Municipal Court Act, J. & A. ¶¶ 1928, 3340, nor in section 31, ch. 11, R. S., J. & A. ¶ 522.

6. EVIDENCE, § 58*—*when proof of a custom competent.* In an action by an agent for wrongful discharge from employment, where the defense was that the agent had without authority made "guaranteed sales," proof of a custom in defendant's business of making such sales at the time of entering into the contract of employment, *held* competent to show that a guaranty was included in the terms, where the contract authorized sales upon the terms granted to the trade.

7. INSTRUCTIONS, § 110*—*when not objectionable as sanctioning a misjoinder of claims.* In an action by an agent for wrongful termination and breach of contract of employment, an instruction given for plaintiff telling the jury that the determination of the question whether there were commissions due for sales actually effected by plaintiff before the termination of the contract, was not affected by the question whether the contract was rightfully or wrongfully terminated, *held* not amendable to the criticism of sanctioning a misjoinder of claims, as the refusal to pay and commissions was one of the breaches of the contract for which recovery could be had in the suit.

8. APPEAL AND ERROR, § 1241*—*when erroneous instruction cannot be complained of.* Appellant is in no position to complain of an instruction as improperly submitting a certain question to the jury where instructions given at his request submitted the same question.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.