Joseph T. Ryerson & Son, Appellant, v. Alva J. Shaw, Abraham L. Jacobs and John F. Wagner, Appellees.

Gen. No. 21,382.

1. CORPORATIONS, § 297*—*when officers and agents not personally liable for debts.* Officers and agents of a *de jure* corporation transacting business in its name are not liable as copartners for its debts.

2. CORPORATIONS—*what is effect of failure of foreign corporation to procure certificate.* The failure of a *de jure* foreign corporation doing business in this State to procure a certificate required by Hurd's Rev. St. ch. 32 (J. & A. ¶ 2527), does not put it on the basis of a domestic corporation which has failed to complete its organization, so as to render its officers liable as copartners for obligations entered into in the name of the corporation under the provisions of the statute (J. & A. ¶ 2435).

3. CORPORATIONS—*when foreign corporation is corporation de jure.* A corporation duly organized in a foreign State and doing business in this State is no less a corporation *de jure* because it has not complied with the provisions of the Foreign Corporation Act (J. & A. ¶ 2527).

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed October 10, 1916.

ERIC WINTERS, for appellant.

S. G. GRODSON and BLUM & BLUM, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This suit was commenced by appellant against the Chicago Car & Equipment Company for goods sold, delivered, etc., in this State (where all the transactions involved were conducted), but subsequently said company was dismissed out of the case and certain of its directors and officers were made parties defendant, against three of whom only, appellees herein, did the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

case proceed to trial and judgment. The trial was had without a jury and resulted in a judgment for $917.59 against Jacobs alone, who has entered no appearance here, and in a finding of no liability on the part of Shaw and Wagner. Appellant contends that all three were liable both as partners at common law and as officers under section 18 of our General Incorporation Act of 1872 (Hurd's Rev. St. 1916, ch. 32, p. 640, J. & A. ¶ 2435).

It was expressly stipulated that at the time of contracting the indebtedness and when the suit was commenced, said company was a duly created corporation under the laws of the State of Maine, and it was not questioned that the credit was extended to said company, and that it was "doing business in this State."

Appellant's theory of liability is based on the undenied allegation in its statement of claim, that said corporation has received no certificate to do business in this State pursuant to the requirement of the act to regulate the admission of foreign corporations for profit to do business in this State, approved May 18, 1905, in force July 1, 1905 (Hurd's Rev. St. 1916, ch. 32, p. 655, J. & A. ¶ 2527).

We are not dealing here with a *de facto* corporation, but with a corporation *de jure,* hence, its officers and agents in transacting business in its name are not liable as copartners. (*Seeberger v. McCormick,* 178 Ill. 404.) The cases of *Bigelow v. Gregory,* 73 Ill. 197, and *Loverin v. McLaughlin,* 161 Ill. 417, cited by appellant, are not in point, for as said in the *Seeberger* case, "in those cases there was a failure to incorporate."

It is argued, however, that the failure of said foreign corporation to procure such certificate puts it by virtue of section 26 of our General Incorporation Act (J. & A. ¶ 2443) on the basis of a domestic corporation that has failed to complete its organization, thereby

rendering its officers liable under section 18 of that Act.

But while the purpose of section 26 is to bring foreign corporations under the influence of the same law as domestic corporations (*North American Ins. Co. v. Yates,* 214 Ill. 272; *Connolly v. Union Sewer Pipe Co.,* 184 U. S. 540), we find nothing in the context of section 18 or the authorities construing it that justifies the interpretation contended for by appellant. Section 18 purports to deal with the failure to comply with the requirements of the act pertaining to the steps necessary to a complete organization, and particularly, if not entirely, to the steps required for incorporation under the laws of this State. In our opinion it has no reference to the failure of a foreign corporation to procure the certificate required under the Foreign Corporation Act, which by section 6 (J. & A. ¶ 2531) thereof imposes penalties upon the corporation itself for failure so to do.

In *J. W. Butler Paper Co. v. Cleveland,* 220 Ill. 128, where it was sought to hold the directors of a domestic corporation liable for its debts under said section 18, because of a departure from the provisions of the act to be pursued in organizing a corporation in this State, the court said the decision depended on whether it was a corporation *de jure,* and whether the nature of the provision violated was such as to prevent the corporation from becoming one *de jure.*

A corporation duly organized in a foreign State is no less a corporation *de jure* because it has not complied with the provisions of the Foreign Corporation Act. There is no contention that said Equipment Company comes within any of the express provisions of section 18,—that it has not legally completed its organization, or that it is a pretended corporation, or that it assumed to exercise corporate powers before its stock was subscribed for in good faith. We think there is a marked distinction between wrongfully assuming to

exercise corporate authority, against which creditors are protected by section 18 (*Gay v. Kohlsaat,* 223 Ill. 260), and the failure of a duly organized foreign corporation to take out a certificate in this State pursuant to the requirements of the Foreign Corporation Act.

Provisions for the liability of directors under section 16 of the General Incorporation Act (J. & A. ¶ 2433) have been held to be not penal, but contractual, "like that of a surety and therefore *stricti juris*" (*Woolverton v. Taylor,* 132 Ill. 197; *Lewis v. Montgomery,* 145 Ill. 30) ; and we said in *Edwards v. Cleveland Dryer Co.,* 83 Ill. App. 653, that this language was equally applicable to section 18, and that the latter section should be strictly construed. It would in our opinion, contrary to these authorities, be extending section 18 by construction to embrace a case not clearly within its terms to hold it applicable to the facts in the case at bar.

We are not concerned with appellant's judgment against Jacobs, but simply whether the court erred in finding no liability against Shaw and Wagner. We think it did not err in that respect.

*Affirmed.*