270    APPELLATE COURTS OF ILLINOIS.

Lepman & Heggie v. Inter-State Produce Co., 205 Ill. App. 270.

*Reversed and remanded.*

---

### Lepman & Heggie, Plaintiff in Error, v. Inter-State Produce Company, Defendant in Error.

### Gen. No. 22,215.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action in attachment by Lepman & Heggie, a corporation, plaintiff, against the Inter-State Produce Company, defendant, to recover the difference between

Lepman & Heggie v. Inter-State Produce Co., 205 Ill. App. 270.

the contract price and the market price of two cars of turkeys.   From a judgment for defendant, plaintiff brings error.

FRANK SCHOENFELD, for plaintiff in error; GEORGE F. ORT, of counsel.

.HARFORD & LIGHTFOOT, for defendant in error; FLORENCE W. STEPHENS, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. ATTACHMENT, § 9*—*when original will not lie.* An original attachment will not lie in Illinois to recover unliquidated damages.

2. DAMAGES, § 81*—*what is distinction between liquidated and unliquidated.* Damages are said to be liquidated where they can be determined from the contract itself or from the contract and the rules of law applicable thereto, and where it is necessary to introduce evidence before plaintiff can prove his case, the damages are said to be unliquidated.

3. ATTACHMENT, § 9*—*when affidavit is for unliquidated damages.* In an original attachment action bought to recover the difference between the contract price and the market price of two cars of turkeys, where the affidavit alleged the purchase of a car of turkeys to contain a certain number of pounds of the grade designated as dry picked, dry packed and packed in barrels separate, at a certain price per pound, and that such turkeys were rejected on the ground of being frozen and of inferior quality to those purchased, and that the market value on the day in question was a certain higher price per pound, *held* that the order quashing the attachment on the ground that it appeared in the affidavit that the claim was for unliquidated damages was correct.

4. ATTACHMENT, § 9*—*what affidavit in action to recover difference between contract and market price of poultry should set forth.* In an original attachment action to recover the difference between the contract price and the market price of certain cars of poultry, *held* that the affidavit should have set forth the market price at the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

time of the breach of the contract, which was on the day the articles should have been delivered.

5. ATTACHMENT, § 9*—*when original action does not lie against nonresident.* The fact that the defendant in an original attachment proceeding is a nonresident does not alter the rule that such an attachment will not lie to recover unliquidated damages.