## American Lumber Company, Defendant in Error, v. W. A. Leach, trading as Leach Lumber & Tie Company, Plaintiff in Error.

### Gen. No. 22,152.

1. APPEAL AND ERROR, § 800*—*what must be part of bill of exceptions*. Motions and orders striking pleas from the files and exceptions thereto cannot be made a part of the record and reviewed unless preserved by a bill of exceptions.

2. ATTACHMENT, § 196*—*when question whether court erred in refusing to grant motion to dissolve attachment not considered*. On review, the question as to whether or not the court erred in refusing to grant a motion made at the close of plaintiff's case to dissolve the attachment and dismiss the suit on the ground that the damages were unliquidated will not be considered where this ground was not one of the specific reasons assigned in the motion and the motion was not renewed at the close of the case.

3. APPEARANCE, § 12*—*what is effect of*. Where defendant in attachment enters his appearance, files an affidavit of merits and contests the claim, the court is not authorized to dismiss the suit on his motion, but should proceed to final judgment as though summons were issued.

4. ATTACHMENT, § 80*—*when affidavit is sufficient to give court jurisdiction*. That the affidavit for an original attachment shows

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the amount sued for is unliquidated does not deprive the court of jurisdiction.

5. ATTACHMENT, § 247*—*when evidence sufficient to support judgment for plaintiff.* On a suit in attachment, evidence *held* sufficient to support a judgment and finding for plaintiff.

6. EVIDENCE, § 221*—*when inadmissible as hearsay.* On a suit in attachment, evidence *held* inadmissible as hearsay.

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917.

DOWNER MCCORD, for plaintiff in error.

HERBERT A. SCHRYVER, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The American Lumber Company brought suit in attachment against W. A. Leach, doing business as Leach Lumber & Tie Company, to recover $944.91. Certain parties were served as garnishees who answered admitting that they were indebted to the defendant in amounts aggregating more than the amount of plaintiff's claim against the defendant. The case was tried before the court without a jury, and a judgment entered against the defendant for $721.97. Judgments were also entered against the garnishees on their answers.

It appears from the record that the defendant was located in Missouri and sold railroad ties to the plaintiff, located in Chicago, during the years 1911, 1912 and 1913. Plaintiff in its affidavit for attachment stated that the defendant was indebted to it, "after allowing all just credits and set-offs in the sum of nine hundred forty-four and 91/100 dollars ($944.91) upon an open account for lumber sold and delivered to said Leach Lumber & Tie Company at their special instance and request during the years 1911, 1912 and 1913, and for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cash paid out by plaintiff to the defendant for two cars of lumber purchased by the plaintiff from the defendant but never delivered''; and that the defendant was a resident of Missouri. Plaintiff in its amended statement of claim alleged that there was a balance due it from defendant ''upon the mutual accounts existing by and between the parties hereto and upon an account stated.'' A copy of such mutual accounts was attached to and made a part of the statement of claim. One of the items, amounting to $268.68, it was stated was for cash paid by plaintiff for damages sustained by it because of the failure of the defendant to furnish two certain cars of lumber. The defendant was served by publication, but entered his appearance, and filed an affidavit of merits denying any indebtedness, and claimed that the plaintiff was indebted to the defendant and filed a claim of set-off for $736.08, being as stated a balance on an open account for lumber sold and delivered by the defendant to the plaintiff during the years of 1911, 1912 and 1913. To this set-off an affidavit of merits was filed denying any indebtedness.

The defendant contends that an original attachment will not lie to recover unliquidated damages; that the damages in the instant case are unliquidated, and therefore the court erred in overruling his motion to strike from the files plaintiff's amended statement of claim and dissolve the attachment, and further erred in overruling defendant's motion to dissolve the attachment and dismiss the suit, made at the close of plaintiff's case.

The motion to strike plaintiff's amended statement of claim from the files and dissolve the attachment is not preserved by a bill of exceptions. In the record written up by the clerk of the Municipal Court it is recited that the motion of the defendant to strike the amended statement of claim from the files was overruled and leave given to file an affidavit of merits, which affidavit of merits was filed. Motions and orders

striking pleas from the files and exceptions thereto should be preserved by a bill of exceptions and cannot be made a part of the record otherwise. *Mann v. Brown*, 263 Ill. 394. This question, therefore, is not before us for review.

In the motion made at the close of plaintiff's case it was in no way pointed out that the attachment should be dissolved and the suit dismissed on the ground that the damages were unliquidated, but other specific reasons were assigned, and the motion was not renewed at the close of the case. Furthermore, the defendant having entered his appearance, filed an affidavit of merits and contested the claim, the court would not be authorized in dismissing the suit, but should proceed to final judgment as though summons were issued. *Kotite v. Gazelle*, 185 Ill. App. 116; chapter 11, sec. 27, Rev. St. (J. & A. ¶ 518). Section 27 provides: "but if found for the defendant, the attachment shall be quashed, and the costs of attachment shall be adjudged against the plaintiff, but the suit shall proceed to final judgment as though commenced by summons."

As we understand counsel's position, however, it is that the court was without jurisdiction of the subject-matter for the reason that an original attachment will not lie where the amount sued to be recovered is unliquidated. In support of this contention the cases of *Steele-Wedeles Co. v. Shoodoc Pond Packing Co.*, 153 Ill. App. 576; *Capes v. Burgess*, 135 Ill. 61; *Firebaugh v. Hall*, 63 Ill. 81, are cited.

In the *Steele-Wedeles* case, *supra*, a writ of attachment issued against the defendant, and was served on the packing company as garnishee. Plaintiff there filed a declaration in assumpsit and the garnishee appeared specially and moved to quash the writ, specifying in writing the grounds upon which the motion was based. The motion was granted, the writ quashed and judgment entered in favor of the garnishee for

costs. After considering the contract entered into between the plaintiff and defendant to determine whether the damages were liquidated or unliquidated, the court said, p. 578: "The first section of the Attachment Act uses the terms 'creditor,' 'debtor' and 'indebtedness' and only allows an attachment for an indebtedness. The second section requires the attaching creditor to file an affidavit setting forth the nature and amount of the indebtedness. While the facts in *Capes v. Burgess,* 135 Ill. 61, were somewhat different from those in the case before us, yet the reasoning there employed is applicable. We are of the opinion that it must be regarded as settled that in this State an original attachment will not lie to recover unliquidated damages, even though an action of assumpsit is brought and may be maintained therefor."

The question decided by the Supreme Court in the *Capes* case, *supra,* was whether a claim for unliquidated damages due from the defendant to the garnishee could be reached by garnishment, and it was held that such a claim could not be so reached.

In *Firebaugh v. Hall, supra,* the question we are now considering was in no way involved or referred to by the court.

In a recent decision rendered by another division of this court, *Lepman & Heggie v. Interstate Produce Co.,* 205 Ill. App. 270, it is said: "It is the settled law of this State that an original attachment will not lie to recover unliquidated damages. *Capes v. Burgess,* 135 Ill. 61; *Steele-Wedeles Co. v. Shoodoc Pond Packing Co.,* 153 Ill. App. 576." That was a suit in attachment to recover the difference between the contract price and market price of two cars of turkeys. The defendant entered a special appearance and moved to quash the writ on the ground that it appeared in the affidavit for attachment that the claim was for unliquidated damages. The motion was sustained, and it was ordered that the defendant go hence without day. An

examination of the record, abstract and briefs in that case discloses that the question whether an original attachment would lie to recover unliquidated damages was in no way discussed, but it was assumed that such was the law, and the statement above quoted was made under these circumstances preliminary to a disposition of the point in controversy; the only question in the case was whether the damages claimed were liquidated or unliquidated.

From an examination of the cases cited and an independent examination of the authorities, we have been unable to find that the question under consideration has ever been decided by the Supreme Court of this State, and it was not involved in any of the cases cited, except the *Steele-Wedeles* case, *supra.*

The case of *May v. Disconto Gesellschaft,* 211 Ill. 310, was an original attachment proceeding. The affidavit for attachment stated that the defendant was indebted to the plaintiff, ''after allowing all just credits and set-offs, the sum of $5,000 upon certain drafts and acceptances,'' obtained by the defendant ''by means of gross forgeries and various other criminal and fraudulent devices.'' Certain garnishees were served and plaintiff filed a declaration in trespass on the case by which it sought to recover the indebtedness mentioned in the affidavit. The garnishees answered admitting an indebtedness. Afterwards May (appellant) interpleaded and set up an assignment to him of the money in the hands of the garnishees. Afterwards by leave of court plaintiff filed an amended declaration in assumpsit. May moved the court to dismiss the suit for want of jurisdiction, to quash the writ and discharge the garnishees because interrogatories were not filed in due time and because the cause of action had been changed by filing the amended declaration. The court, speaking by Mr. Justice Scott, there said (p. 315): .

''The parties to this appeal unite in assuming that

an action *ex delicto* cannot be the basis of an original attachment suit, and it is urged by appellant that as the cause stated in the original declaration was one clearly in tort, it must be held to have been an action in tort and that as a consequence thereof the attachment writ and all proceedings thereunder were void and appellant's assignment of $3,000 of the fund was therefore effective.

"An inspection of the language above quoted from the affidavit for attachment shows that the action is brought to recover money which the defendant obtained by fraud and misrepresentation, and while an action *ex delicto* may be brought, it is also true that the plaintiff may waive the tort and sue in assumpsit for money had and received.  *  *  *

"It follows, therefore, that as the affidavit set forth the nature and amount of an indebtedness for which a suit in assumpsit could be brought, it was sufficient to give the court jurisdiction."

In *Haywood v. McCrory*, 33 Ill. 459, the court in discussing the sufficiency of an affidavit for attachment said, p. 463: "The statute does not require the nature of the indebtedness to be described with any degree of particularity. The affidavit states the nature and amount of the indebtedness; and that is all that the law requires to be stated in regard to it."

We think, under the foregoing authorities, the affidavit in the case at bar was sufficient to give the court jurisdiction, and if the defendant desired to preserve for review the question whether an original attachment would lie to recover unliquidated damages, he should have stood on his special appearance.

The defendant further contends that the finding and judgment are against the manifest weight of the evidence. It would serve no useful purpose to discuss the evidence in detail. We have carefully considered the record in this regard, and we are of the opinion that the contention is untenable.

Complaint is also made that the court erred in refus-

ing to admit certain letters received by the defendant from the railroad company in regard to the cross-ties. This evidence was clearly hearsay and inadmissible. The judgment of the Municipal Court is affirmed.

*Affirmed.*