**WHITE-WILSON-DREW CO. v. LYON-RATCLIFF CO. et al.**

(Circuit Court of Appeals, Seventh Circuit. October 5, 1920.)

No. 2755.

Corporations ⊂⊃310 (4)—Directors not liable for declaring dividends, when corporation insolvent, unless actually knowing of insolvency; "assenting thereto."

Even if Corporation Act Ill. § 19, providing that if dividends are paid when a corporation is insolvent, or dividends are paid which would render it insolvent, or which would diminish the amount of its capital stock, all directors "assenting thereto" shall be liable for the corporation's debts then existing and later contracted while they continue in office, is not a penal statute, the liability imposed is like that of a surety, stricti juris; so that a bill under the statute against directors, not showing that they knew that the indebtedness created was in excess of the capital stock, was properly dismissed, such knowledge being a condition precedent to recovery, for the words "assenting thereto" mean a conscious approval of facts actually known, as distinguished from mere neglect to ascertain facts.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the White-Wilson-Drew Company against the Lyon-Rat-

cliff Company and others. From a decree of dismissal, plaintiff appeals. Affirmed.

Julius Moses and Walter Bachrach, both of Chicago, Ill., for appellant.

C. R. Latham, of Chicago, Ill., for appellees.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PAGE, Circuit Judge. White-Wilson-Drew Company, a Tennessee corporation, a creditor of Lyon-Ratcliff Company, an Illinois corporation, filed suit in the United States District Court for the Eastern Division of the Northern District of Illinois, on the equity side, on its own behalf and on behalf of all other creditors, to hold Directors John M. Berry, Calvin H. Hill, J. Fred Butler, Horace Clark, E. W. Ratcliff, and James A. Lyon liable for assenting to the payment of dividends by Lyon-Ratcliff Company, which it is alleged diminished its assets below the amount of the capital stock, and for assenting to the payment of dividends when the corporation was insolvent. The bill as finally amended was dismissed for want of equity upon its face.

This action was brought under section 19 of the Corporation Act of Illinois (Hurd's Rev. St. 1917, c. 32, § 19), which reads as follows:

"If the directors or other officers or agents of any stock corporation shall declare and pay any dividend when such corporation is insolvent, or any dividend the payment of which would render it insolvent, or which would diminish the amount of its capital stock, all directors, officers or agents assenting thereto shall be jointly and severally liable for all the debts of such corporation then existing, and for all that shall thereafter be contracted, while they shall respectively continue in office."

The above section has not been construed in Illinois. Sections 16 and 18 of the same act have been repeatedly and variously construed by the courts of Illinois; but in 1917 section 18 was held to be a penal statute. Vestal Co. v. Robertson, 277 Ill. 425, 430, 115 N. E. 629. Illinois courts have held that the construction of section 16 was applicable to section 18. Loverin v. McLaughlin, 46 Ill. App. 373 (379); Ryerson v. Shaw et al., 201 Ill. App. 445 (448). The similarity between all these sections is apparent.

Section 16: "If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation, assenting thereto, shall be personally and individually liable for such excess, to the creditors of such corporation."

Section 18: "If any person or persons being, or pretending to be, an officer or agent, or board of directors, of any stock corporation, or pretended stock corporation, shall assume to exercise corporate powers, or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation."

Appellant says that the bill was dismissed because it was not shown that the directors actually knew that the indebtedness created was in

excess of the capital stock, and it was held by the District Court that such knowledge was a condition precedent to recovery. The correctness of that ruling presents the sole question here.

Even if section 19 is held not to be a penal statute, it must at least be said that the liability imposed is like that of a surety, stricti juris. Woolverton v. Taylor, 132 Ill. 197, 23 N. E. 1007, 22 Am. St. Rep. 521. The liability imposed under section 19 is much more extreme and severe than that imposed under section 16. In Lewis v. Montgomery, 145 Ill. 30 (47), 33 N. E. 880, in construing section 16, it is said:

"The words employed * * * should not be extended by construction, so as to embrace cases not clearly within the terms of the statute."

In that case in the Appellate Court (Lewis v. Montgomery, 48 Ill. App. 286), it is said:

"It may be fairly inferred from the evidence that the appellees were negligent in the discharge of their duties as directors; * * * that, by the exercise of proper diligence, they might have known, at all times, what was the state of affairs. * * * It is not sufficient that he neglects to do that which would lead him to knowledge."

The court cited Patterson v. Stewart, 41 Minn. 93, 43 N. W. 76, 16 Am. St. Rep. 706. We are of opinion that the words "assenting thereto" mean a conscious approval of facts actually known.

Decree affirmed.