### HART-PARR CO. v. PRATT et al.

(Circuit Court of Appeals, Seventh Circuit. January 11, 1921.)

No. 2835.

1. **Corporations ☞337—Liability of directors and officers, when debts exceed capital stock, is stricti juris.**

   Under Hurd's Rev. St. Ill. 1915–16, c. 32, § 16, making the directors and officers of any stock corporation liable for the excess of its indebtedness above the capital stock when they assent thereto, the liability is like that of a surety, and therefore stricti juris.

2. **Corporations ☞337—Damages for breach of contract not an "indebtedness," within statute as to liability of directors and officers.**

   Damages from a breach of contract for the delivery of oil is not an "indebtedness," within Hurd's Rev. St. Ill. c. 32, § 16, making directors and officers of stock corporations liable for the excess of the indebtedness above the amount of the capital stock.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indebted—Indebtedness.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Hart-Parr Company against Edward G. Pratt and others. From a decree for defendants, plaintiff appeals. Affirmed.

Chilton P. Wilson, of Chicago, Ill., for appellant.
Charles L. Cobb, of Chicago, Ill., for appellees.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is a suit brought in the District Court on the equity side by appellant to hold appellees under section 16, chapter 32, Revised Statutes of Illinois, which is as follows:

"If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation, assenting thereto, shall be personally and individually liable for such excess, to the creditors of such corporation."

In 1917, while appellees were its officers and directors, the Gas Oil Company made default in deliveries of oil theretofore sold to appellant. In 1918 the Gas Oil Company was adjudicated a bankrupt. In 1919 appellant sued and recovered a judgment against the Gas Oil Company under a declaration which showed that the amount sued for and recovered was the difference between the contract price of the undelivered oil and the market price, which is the sole basis of appellees' liability, if any. That suit was undefended, except by the trustee in bankruptcy. The indebtedness of the Gas Oil Company was, at all times after the making of the contract up to the time of the default thereunder, very greatly in excess of its capital stock.

After hearing in open court, the bill was dismissed, for want of equity, by the District Court, and the only question necessary to be considered here is whether the damages growing out of the failure to make deliveries of oil was an "indebtedness" of the Gas Oil Company.

[1] Sections 16, 18, and 19 of the Illinois corporation act are somewhat related, and have been variously construed; but the liability under section 16 has been definitely held to be like that of a surety and therefore stricti juris. Woolverton v. Taylor, 132 Ill. 197, 23 N. E. 1007, 22 Am. St. Rep. 521. See, also, Lewis v. Montgomery, 145 Ill. 30, 33 N. E. 880; Vestal Co. v. Robertson, 277 Ill. 425, 115 N. E. 629; White, Wilson, Drew Co. v. Lyon-Ratcliff Co. et al. (C. C. A.) 268 Fed. 525, opinion filed (7th Cir.) Oct. 5, 1920.

[2] While the Illinois courts have not directly construed the word "indebtedness" as used in section 16, they have repeatedly held that a claim for damages for a breach of contract is not a "debt." It was held under the garnishment act (Hurd's Rev. St. 1915–1916, c. 62) that one who had breached a warranty made in the sale of a horse was not "indebted" and could not be garnisheed. Capes v. Burgess, 135 Ill. 61, 25 N. E. 1000. See, also, Steele-Wedeles Co. v. Shoodoc Pond Packing Co., 153 Ill. App. 576; Lepman & Heggie v. Interstate Produce Co., 205 Ill. App. 270; Little v. Dyer, 138 Ill. 277, 27 N. E. 905, 32 Am. St. Rep. 140. The garnishment act in Illinois is much older than the corporation act. Many other states hold that claims of the kind here in question are unliquidated demands and not "debts." Wilde v. Mahaney, 183 Mass. 455, 67 N. E. 337, 62 L. R. A. 813, and cases cited. See Powell v. Oregonian Ry. Co., 36 Fed. 726, 13 Sawy. 535, 2 L. R. A. 270.

We are of opinion that "indebtedness," as used in this statute, is merely debts owed, and that damages arising from a breach of contract is not a "debt," or an "indebtedness," but is an unliquidated claim or demand not within the statute.

The judgment of the court below is affirmed.