## Louise Yalovec, Appellant, v. Jerry Furcich, Appellee.

### Gen. No. 27,736.

ATTACHMENT—*right to attachment in aid in assumpsit for unliquidated amount.* An attachment in aid will lie in assumpsit for breach of a contract to marry, under Cahill's Ill. St. ch. 11, par. 31, providing as to attachments in aid that the plaintiff, "in any action of assumpsit," may sue out an attachment, where an amended affidavit for attachment is filed reciting fraudulent concealment of his property by the defendant.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Reversed and remanded. Opinion filed May 9, 1923.

WALTER TRUC, for appellant; JAMES S. WIGHT, of counsel.

KELLY, FRIEDMAN, SCHWARTZ & DOYLE, for appellee; C. K. SCHWARTZ and JOHN A. LEITCH, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On October 4, 1921, the plaintiff, Louise Yalovec, began suit in assumpsit in the circuit court for $2,000 against the defendant, Jerry Furcich. On the same day a summons was issued against the defendant which subsequently, on October 17, 1921, was returned "not found." On October 4, 1921, the plaintiff filed an affidavit for an attachment in aid in which it was recited, among other things, that the defendant was indebted to the plaintiff in the sum of $2,000 upon her claim for a breach of a contract of marriage, and which also recited that the defendant "is not a resident of this State and that his place of residence is at Pittsburg, Pennsylvania, and has departed from this State with the intention of having his effects removed from this State." On the same day the plaintiff filed an attachment bond in the sum of $2,000, which was approved by the clerk of the court, and there was issued a writ of attachment by the clerk of the court, directed to the sheriff of Cook county, which recited that the plaintiff had given bond pursuant to the act in such case made and provided, and commanded an attachment of the real and personal property of the defendant to satisfy the alleged indebtedness of the defendant.

On October 21, 1921, the plaintiff filed her declaration, setting up a promise of marriage on the part of the defendant and its breach and consequent damage.

On November 3, 1921, on motion of the plaintiff's attorney, it was ordered that leave be given the plaintiff to file, instanter, an amended affidavit in attachment in aid, and accordingly on November 3, 1921, the plaintiff filed an amended affidavit for attachment in aid, which recited, among other things, that the defendant "is about to depart from this State with the intention of having his effects removed from this State," and is about to remove property from this

State to the injury of the plaintiff and "is about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors."

On November 7, 1921, on motion of the defendant to quash the writ of attachment, the court, finding that the amended affidavit was insufficent to authorize the issuance of the writ of attachment, ordered it quashed and dissolved, and the property attached released.

On December 30, 1921, leave was given the plaintiff to amend her amended affidavit of attachment in aid which had been filed on November 3, 1921, by striking out the words "is not a resident of this State and that his place of residence is at Pittsburg, Pennsylvania, has departed this State with the intention of having his effects removed from this State." The order recites that the amendment is made *nunc pro tunc* as of November 3, 1921, that leave having been given to make the amendment on that date, owing to a mistake, it was not entered of record.

This appeal is by the defendant from the order of November 7, 1921, quashing the writ of attachment in aid. It is true, as counsel for the defendant suggests, that there are some inconsistencies between the affidavits that were filed. We are concerned here, however, only with the last amended affidavit as it is shown in the record. The trial judge having allowed the amendment to be made, that amended affidavit is all that we are now entitled to consider. The substantial question, therefore, is whether in an action of assumpsit, where the damages are unliquidated, the plaintiff may sue out a writ of attachment in aid. It should be observed that although there may be some question whether or not an original attachment will lie, where the suit is for unliquidated damages, there seems to be no doubt that it will lie in a case of an attachment in aid. *Meglemry v. Gebhardt Chili Powder Co.*, 187 Ill. App. 14. In the case of *American*

*Lumber Co. v. Leach,* 207 Ill. App. 62, the question is discussed, quite at large, whether or not an original attachment will lie when the amount sued to be recovered is unliquidated, and that decision tends strongly to suggest that it may.

In considering section 31, ch. 11, Cahill's Ill. St., there does not seem to be any doubt that attachments in aid, in assumpsit, will lie even though the damages claimed are unliquidated. That section provides that: "The plaintiff, in any action of assumpsit," etc., may sue out an attachment.

In *Hoosier Veneer Co. v. Trusts & Guarantee Co.,* 283 Fed. 1, that court, considering quite elaborately sections 1 and 31 of the Illinois Attachment Act, Cahill's Ill. St. ch. 11, ¶¶ 1, 31, holds that when an attachment is issued in aid of a pending action it is immaterial whether there is any relation of creditor and debtor or whether any indebtedness exists at all. In that case the court said:

"Section 31 was intended to deal with 'in aid' attachments and to declare the categories wherein they may issue. It has entirely distinctive subject-matter, and the office of the clause prescribing the quality and terms of the affidavit is not to declare, define, or limit the categories. Under section 1 the right to an attachment is granted to a creditor against his debtor upon showing the existence of an indebtedness, howsoever those terms may be defined., But the right is exercisable only upon the coexistence and the assignment of any one or more of the nine grounds, viz., nonresidence, fraudulent transfer, etc. Under section 31 the right to an attachment is granted 'in aid,' a provisional remedy, in enumerated cases, assumpsit, debt, covenant, etc., provided, also, that in such a pending action there likewise be assigned as coexistent one or more of the nine grounds prescribed in section 1. This seems to us to be the plain office of this language, and it makes the two sections entirely consistent, carrying out the clear legislative intent to provide for greater liberality in the issuance of attachments."

In our judgment, quite obviously, the legislature intended to permit attachments in aid in cases of assumpsit, where the damages are unliquidated. The judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*

THOMSON, P. J., and O'CONNOR, J., concur.